

# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division: RICHARD C BRESNAHAN | **Case Number: 08SL-CC00251** |
| Plaintiff/Petitioner: AFFORDABLE HEALTHCARE LLC vs. | Plaintiff's/Petitioner's Attorney/Address: MAX GEORGE MARGULIS 14236 CEDAR SPGS DR. CHESTERFIELD, MO 63017-5728 |
| Defendant/Respondent: PROTUS IP SOLUTIONS | Court Address: ST LOUIS COUNTY COURT BUILDING 7900 CARONDELET AVE CLAYTON, MO 63105 |
| Nature of Suit: CC Injunction | |

FILED CIRCUIT COURT OF ST. LOUIS COUNTY 2008 APR 10 PM 2:03 JOAN M. GILMER CIRCUIT CLERK

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
## (Except Attachment Action)

**The State of Missouri to: PROTUS IP SOLUTIONS**
**Alias:**

**2379 HOLLY LANE STE 210**
**OTTAWA, ONTARIO**
**CANADA K1V7P2, AA**

**SERVE: PERSON IN CHARGE**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

21-FEB-2008
Date

Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is Process Server of City of Ottawa, County, Province of Ontario, Canada (state).
3. I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with ______________, a person of the Defendant's/Respondent's family over the age of 15 years.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to JOSEPH NOUR (name) PERSON IN CHARGE (title).

☐ other (describe) ______________.

Served at 2379 Holly Lane, Suite 210, Ottawa, Ontario, Canada (address)
in ______________ County, ______________ (state), on March 14, 2008 (date) at 2:08 P.M. (time).

JASON BOUCHARD
Printed Name of Sheriff or Server

Signature of Sheriff or Server

**Subscribed and Sworn To** me before this ______ (day) March (month) 2008 (year)

I am: (check one)
☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☒ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
[ ] authorized to administer oaths. (use for court-appointed server)

*(Seal)*

Signature and Title
Notary in and for the Province of Ontario

**Service Fees, if applicable**

| | |
|---|---|
| Summons | $______ |
| Non Est | $______ |
| Mileage | $______ (______ miles @ $______ per mile) |
| **Total** | $______ |

**See the following page for directions to clerk and to officer making return on service of summons.**



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division: RICHARD C BRESNAHAN | **Case Number: 08SL-CC00251** |
| Plaintiff/Petitioner: AFFORDABLE HEALTHCARE LLC vs. | Plaintiff's/Petitioner's Attorney/Address: MAX GEORGE MARGULIS 14236 CEDAR SPGS DR. CHESTERFIELD, MO 63017-5728 |
| Defendant/Respondent: PROTUS IP SOLUTIONS | Court Address: ST LOUIS COUNTY COURT BUILDING 7900 CARONDELET AVE CLAYTON, MO 63105 |
| Nature of Suit: CC Injunction | |

RECEIVED & FILED CIRCUIT COURT OF ST. LOUIS COUNTY

2008 APR 10 PM 2:03

JOAN M. GILMER CIRCUIT CLERK

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
## (Except Attachment Action)

**The State of Missouri to: JOSEPH NOUR**
**Alias:**

**2379 HOLLY LNAE STE 210**
**OTTAWA ONTARIO**
**CANADA K1V7P2, AA**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

21-FEB-2008
Date

Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is Process Server of City of Ottawa County, Province of Ontario, Canada (state).
3. I have served the above summons by: (check one)

[X] delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

[ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with ______________, a person of the Defendant's/Respondent's family over the age of 15 years.

[ ] (for service on a corporation) delivering a copy of the summons and a copy of the petition to ______________ (name) ______________ (title).

[ ] other (describe) ______________.

Served at 2379 Holly Lane, Suite 210, Ottawa, Ontario, Canada (address)
in ______________ County, ______________ (state), on March 14, 2008 (date) at 2:09 P.M. (time).

JASON BOUCHARD
Printed Name of Sheriff or Server

Signature of Sheriff or Server

**Subscribed and Sworn To** me before this ______ (day) March (month) 2008 (year)

I am: (check one)
[ ] the clerk of the court of which affiant is an officer.
[ ] the judge of the court of which affiant is an officer.
[X] authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
[ ] authorized to administer oaths. (use for court appointed server)

*(Seal)*

Signature and Title

Notary in and for the Province of Ontario

**Service Fees, if applicable**

Summons $______
Non Est $______
Mileage $______ (______ miles @ $ ______ per mile)
**Total** $______

**See the following page for directions to clerk and to officer making return on service of summons.**



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division: RICHARD C BRESNAHAN | **Case Number: 08SL-CC00251** |
| Plaintiff/Petitioner: AFFORDABLE HEALTHCARE LLC vs. | Plaintiff's/Petitioner's Attorney/Address: MAX GEORGE MARGULIS 14236 CEDAR SPGS DR. CHESTERFIELD, MO 63017-5728 |
| Defendant/Respondent: PROTUS IP SOLUTIONS | Court Address: ST LOUIS COUNTY COURT BUILDING 7900 CARONDELET AVE CLAYTON, MO 63105 |
| Nature of Suit: CC Injunction | |

FILED 2008 APR 10 PM 2:03 JOAN M. GILMER CIRCUIT CLERK ST. LOUIS COUNTY

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
## (Except Attachment Action)

**The State of Missouri to: THOMAS J MARTIN**
**Alias:**

**2379 HOLLY LANE STE 210**
**OTTAWA ONTARIO**
**CANADA K1V7P2, AA**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

21-FEB-2008
Date

Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is Process Server of City of Ottawa County, Province of Ontario, Canada (state).
3. I have served the above summons by: (check one)

[X] delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

[ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with ______, a person of the Defendant's/Respondent's family over the age of 15 years.

[ ] (for service on a corporation) delivering a copy of the summons and a copy of the petition to ______ (name) ______ (title).

[ ] other (describe) ______

Served at 2379 Holly Lane, Suite 210, Ottawa, Ontario, Canada (address)
in ______ County, ______ (state), on March 18, 2008 (date) at 11:24 A.M. (time).

JASON BOUCHARD
Printed Name of Sheriff or Server

Signature of Sheriff or Server

**Subscribed and Sworn To** me before this ______ (day) March (month) 2008 (year)

I am: (check one)
[ ] the clerk of the court of which affiant is an officer.
[ ] the judge of the court of which affiant is an officer.
[X] authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
[ ] authorized to administer oaths. (use for court-appointed server)

*(Seal)*

Signature and Title

Notary in and for the Province of Ontario

**Service Fees, if applicable**

| | |
|---|---|
| Summons | $ |
| Non Est | $ |
| Mileage | $ ( miles @ $ per mile) |
| **Total** | $ |

**See the following page for directions to clerk and to officer making return on service of summons.**



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>RICHARD C BRESNAHAN | **Case Number: 08SL-CC00251** |
| Plaintiff/Petitioner:<br>AFFORDABLE HEALTHCARE LLC<br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>MAX GEORGE MARGULIS<br>14236 CEDAR SPGS DR.<br>CHESTERFIELD, MO 63017-5728 |
| Defendant/Respondent:<br>PROTUS IP SOLUTIONS | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Injunction | |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

**The State of Missouri to: PROTUS IP SOLUTIONS**
**Alias:**

**2379 HOLLY LANE STE 210**
**OTTAWA, ONTARIO**
**CANADA K1V7P2, AA**

**SERVE: PERSON IN CHARGE**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

21-FEB-2008
Date

Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is ______________ of ______________ County, ______________ (state).
3. I have served the above summons by: (check one)
   - ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   - ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with ______________, a person of the Defendant's/Respondent's family over the age of 15 years.
   - ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to ______________ (name) ______________ (title).
   - ☐ other (describe) ______________.

Served at ______________ (address)
in ______________ County, ______________ (state), on ______________ (date) at ______________ (time).

______________ Printed Name of Sheriff or Server

______________ Signature of Sheriff or Server

**Subscribed and Sworn To** me before this ______ (day) ______ (month) ______ (year)

I am: (check one)
- ☐ the clerk of the court of which affiant is an officer.
- ☐ the judge of the court of which affiant is an officer.
- ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

______________ Signature and Title

**Service Fees, if applicable**

| | |
|---|---|
| Summons | $______ |
| Non Est | $______ |
| Mileage | $______ (______ miles @ $ ______ per mile) |
| **Total** | **$______** |

**See the following page for directions to clerk and to officer making return on service of summons.**

**Directions to Clerk**

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

**Directions to Officer Making Return on Service of Summons**

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division: RICHARD C BRESNAHAN | Case Number: 08SL-CC00251 | |
|---|---|---|
| Plaintiff/Petitioner: AFFORDABLE HEALTHCARE LLC vs. | Plaintiff's/Petitioner's Attorney/Address: MAX GEORGE MARGULIS 14236 CEDAR SPGS DR. CHESTERFIELD, MO 63017-5728 | |
| Defendant/Respondent: PROTUS IP SOLUTIONS | Court Address: ST LOUIS COUNTY COURT BUILDING 7900 CARONDELET AVE CLAYTON, MO 63105 | |
| Nature of Suit: CC Injunction | | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
## (Except Attachment Action)

**The State of Missouri to: JOSEPH NOUR**
**Alias:**

**2379 HOLLY LNAE STE 210**
**OTTAWA ONTARIO**
**CANADA K1V7P2, AA**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

21-FEB-2008
Date

Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is ______________________ of ______________ County, ____________ (state).
3. I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with ______________________, a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to ______________________ (name) ______________________ (title).

☐ other (describe) ______________________________________.

Served at ______________________________________________ (address)

in ______________ County, ______________ (state), on ______________ (date) at ______________ (time).

______________________________ Printed Name of Sheriff or Server

______________________________ Signature of Sheriff or Server

**Subscribed and Sworn To** me before this ________ (day) ____________ (month) ________ (year)

I am: (check one)
☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

______________________________ Signature and Title

**Service Fees, if applicable**

Summons $__________
Non Est $__________
Mileage $__________ (__________miles @ $ ______ per mile)
**Total** $__________

**See the following page for directions to clerk and to officer making return on service of summons.**

**Directions to Clerk**

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

**Directions to Officer Making Return on Service of Summons**

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>RICHARD C BRESNAHAN | Case Number: **08SL-CC00251** | |
| Plaintiff/Petitioner:<br>AFFORDABLE HEALTHCARE LLC<br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>MAX GEORGE MARGULIS<br>14236 CEDAR SPGS DR.<br>CHESTERFIELD, MO 63017-5728 | |
| Defendant/Respondent:<br>PROTUS IP SOLUTIONS | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO 63105 | |
| Nature of Suit:<br>CC Injunction | | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
## (Except Attachment Action)

**The State of Missouri to: THOMAS J MARTIN**
**Alias:**

**2379 HOLLY LANE STE 210**
**OTTAWA ONTARIO**
**CANADA K1V7P2, AA**

***COURT SEAL OF***

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

21-FEB-2008
Date

_______________ Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is ______________ of ______________ County, ______________ (state).
3. I have served the above summons by: (check one)
   - ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   - ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with ______________, a person of the Defendant's/Respondent's family over the age of 15 years.
   - ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to ______________ (name) ______________ (title).
   - ☐ other (describe) ______________.

Served at ______________ (address)
in ______________ County, ______________ (state), on ______________ (date) at ______________ (time).

______________ Printed Name of Sheriff or Server

______________ Signature of Sheriff or Server

**Subscribed and Sworn To** me before this ______ (day) ______ (month) ______ (year)

I am: (check one)
- ☐ the clerk of the court of which affiant is an officer.
- ☐ the judge of the court of which affiant is an officer.
- ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

______________ Signature and Title

**Service Fees, if applicable**

| | |
|---|---|
| Summons | $______ |
| Non Est | $______ |
| Mileage | $______ (______ miles @ $ ______ per mile) |
| **Total** | $______ |

**See the following page for directions to clerk and to officer making return on service of summons.**

**Directions to Clerk**

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

**Directions to Officer Making Return on Service of Summons**

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

RECEIVED & FILED CIRCUIT COURT OF ST. LOUIS COUNTY
2008 JAN 22 AM 8:26
JOAN M. GILMER CIRCUIT CLERK

For File Stamp Only

Affordable Healthcare, LLC, et al
Plaintiff(s)

Date

08SL-CC00151
Case Number

vs.

Protus IP Solutions, Joseph Nour and Thomas J. Martin
Defendant(s)

18
Division

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now Max G. Margulis, Attorney for Plaintiff (Requesting Party), pursuant to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

Jason Bouchard, BGC, 220 Hunt Club Rd Unit 4, Ottawa, Ontario K1T 1A1
Name of Process Server — Address — Telephone

Jessie-Lynn Kavanagh — P 877-703-5598
Name of Process Server — Address or in the Alternative — Telephone

Name of Process Server — Address or in the Alternative — Telephone

natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
Protus IP Solutions, Person In Charge
Name
2379 Holly Lane, Ste 210
Address
Ottawa, Ontario Canada K1V 7P2
City/State/Zip

SERVE:
Thomas J. Martin
Name
2379 Holly Lane, Ste 210
Address
Ottawa Ontario, Canada K1V 7P2
City/State/Zip

SERVE:
Joseph Nour
Name
2379 Holly Lane Ste 210
Address
Ottawa Ontario Canada K1V 7P2
City/State/Zip

SERVE:
Name
Address
City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

By Janet Gallo
Deputy Clerk

February 21, 2008
Date

Max G. Margulis — 24325
Attorney/Plaintiff/Petitioner — Bar No.
14236 Cedar Springs Dr. Chesterfield, MO 63017
Address
(314) 434-8502 — (314) 434-8451
MaxMargulis@aol.com
Phone No. — Fax No.

In the
**CIRCUIT COURT**
**Of St. Louis County, Missouri**

Affordable Healthcare LLC et al
Plaintiff

vs.

Protus IP Solutions
Defendant

Date

08SL-CC 00025
Case Number

Division

For File Stamp Only

RECEIVED & FILED
CIRCUIT COURT OF
ST. LOUIS COUNTY
2008 JAN 22 AM 9:00
JOAN M. GILMER
CIRCUIT CLERK

# ASSIGNMENT ORDER

☐ **ASSIGNMENT TO ASSOCIATE CIRCUIT JUDGE**
Pursuant to Local Rule 6.1, case assigned/reassigned to Division _____ for hearing and determination on the record under practices and procedures applicable before Circuit Judges; record to be made by electronic recording device.

☐ **POST CONVICTION RELIEF MOTION**
Pursuant to Local Rule 67.7, case assigned/reassigned to Division _____ for hearing and determination.

☑ **ASSIGNMENT TO CIRCUIT JUDGE**
Case assigned/reassigned to Division 18 for hearing and determination.

☐ **CASE SET FOR HEARING**
Case set for hearing on ______________________, 200____, at _____ A.M./P.M.

**SO ORDERED:**

Carolyn C. Whittington
Hon. Carolyn C. Whittington
Presiding Judge

CCCDT70 Rev. 06/05

STAFFING RESOURCES, LLC
TITAN TUBE FABRICATORS, INC.,
TRAVEL TRAVEL KIRKWOOD, INC.
WEST COUNTY ENDODONTICS, LTD.,
CRAIG WEST,
NEAL R. ZEID,
THOMAS COOK PRINTING CO.,
RADHA GEISMANN, MD, P.C.,
STEVENSON'S HI-POINTE STANDARD SERVICE, INC.,
DR. ALAN PROIA, and
DORA NELSON,

Plaintiffs,

v.

PROTUS IP SOLUTIONS,
Serve: Person-In-Charge
2379 Holly Lane, Ste. 210
Ottawa, Ontario
Canada, K1V7P2

and

JOSEPH NOUR,
Serve: Joseph Nour, Chief Executive Officer
2379 Holly Lane, Ste. 210
Ottawa, Ontario
Canada, K1V7P2

and

THOMAS J. MARTIN,
Serve: Thomas J. Martin, Chief Financial Officer
2379 Holly Lane, Ste. 210
Ottawa, Ontario
Canada, K1V7P2

Defendants.

EQUITY

PROCESS SERVER

**PETITION FOR BREACH OF TELEPHONE CONSUMER PROTECTION ACT**

**DEFENDANT PARTIES**

**PROTUS**

STATE OF MISSOURI )
)
COUNTY OF ST. LOUIS )




**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS**
**STATE OF MISSOURI**

JOAN M. GILMER
CIRCUIT CLERK

AFFORDABLE HEALTHCARE, LLC,
ALLIED INDUSTRIAL PACKAGING, INC.,
STUART BERKOWITZ, CHERYL COLEMAN,
CONSOLIDATED CONSTRUCTION GROUP, INC.,
CONTINENTAL TEXTILE CORP.,
COURTESY CHECKS, INC., JEFFERSON COWAN,
COMMUNITY VOCATIONAL SCHOOLS OF BALTIMORE, INC.,
COMMUNITY VOCATIONAL SCHOOLS OF FLORIDA, INC.,
COMMUNITY VOCATIONAL SCHOOLS OF JACKSONVILLE, INC.,
COMMUNITY VOCATIONAL SCHOOLS OF MILWAUKEE, INC.,
COMMUNITY VOCATIONAL SCHOOLS OF NORTHEAST PENNSYLVANIA, INC.,
COMMUNITY VOCATIONAL SCHOOLS OF OKLAHOMA, INC.,
COMMUNITY VOCATIONAL SCHOOLS OF OKLAHOMA CITY, INC.,
COMMUNITY VOCATIONAL SCHOOLS OF PITTSBURGH, INC.,
COMMUNITY VOCATIONAL SCHOOLS OF RALEIGH, INC.,
COMMUNITY VOCATIONAL SCHOOLS OF SAN DIEGO, INC.,
COMMUNITY VOCATIONAL SCHOOLS OF TENNESSEE, INC.,
THE DANIEL COMPANY OF SPRINGFIELD,
LARRY DANIEL, ROSALIE DAVIDSON
DAVIS, KELLER, & WIGGINS, LLC,
HELENE DENLOW, EHLLCO, INC.,
EMPLOYER SOLUTIONS, INC., DENNIS W. FOX,
FRANKLIN COUNTY EXPRESS, LLC,
FUN SERVICES OF KANSAS CITY, INC.,
RICHARD A. GANS,
GATEWAY FINANCIAL ADVISORS, INC,
GATEWAY LEGAL SERVICES, INC.,
DAVID GEIGER, LARRY GISI,

Cause No. 08SL-CC 00251

Division 18

**PETITION FOR BREACH OF TELEPHONE CONSUMER PROTECTION ACT**

EQUITY

PROCESS SERVER

GOODLAND FOODS, INC.,
GRAPEVINE WINES, INC., MARVIN GREENBERG,
SHELDON HARBER, DAVID HARJOE,
HOOPS & ASSOC., P.C., I DREAM SOLUTIONS,
INC.,
INFORMATION MANAGEMENT SOLUTIONS, INC.,
INNOVATIVE FINANCIAL SOLUTIONS, LLC,
JC CORPORATE MANAGEMENT, INC.,
JERRY A. KLEIN, P.C.,
CESIUM PROPERTY, LLC,
THE KELSEY GROUP, INC., KARL F. KOHNEN,
CHRISTOPHER KRAEMER, MARK KRUG,
GARY LANGE, IRA M. BERKOWITZ,
LOUISIANA VOCATIONAL SCHOOLS OF
NEW ORLEANS, INC., MARILYN MARGULIS,
MARQUIS FINANCIAL CORPORATION,
DAVID R. MEINTRUP, JOHN M. MILBURN,
SHERYL MILLER, MOORE COMPUTING, LLP,
MSG JEWELERS, INC., JOHN L. WEIGEL,
MICHAEL NACK, NATIONAL VOCATIONAL
SCHOOL
OF ATLANTA, INC., NATIONAL VOCATIONAL
SCHOOL OF NASHVILLE, INC.,
NATIONAL VOCATIONAL SCHOOL OF
PROVIDENCE, INC., MONDI L. GHASEDI,
NPPS, INC., ONSITE COMPUTER CONSULTING
SERVICES, INC.,
OPHTHALMOLOGY ASSOCIATES, INC.,
PHILLIP I. MORSE, LLC,
PISKULIC & BIRMINGHAM, LLC.,
PRE-EMPLOYMENT SCREENING, INC.,
DAVID A. PROTTE,
PSYCHOLOGICAL ASSOCIATES, INC.,
R.F. SCHRAUT HEATING & COOLING, LLC.,
RSL CONSULTING, INC.,
SANCHEZ AND ASSOCIATES, INC.,
SCHUMACHER FINANCIAL SERVICES, INC.,
THEODORE F. SCHWARTZ,
SERVICE VOCATIONAL SCHOOLS, INC.,
JERRY SHELL, EDWARD G. SMITH,
STEPHENSON ELECTRIC CO.,
ST. LOUIS NETWORK, LLC.,
ST. LOUIS PROMOTIONAL PRODUCTS, LLC.,
STONEWOLF COMMUNITY ASSOCIATION,

**PETITION FOR BREACH OF TELEPHONE CONSUMER PROTECTION ACT**

EQUITY

PROCESS SERVER

1. Defendant. Protus. is a corporation located at 2379 Holly Lane, Ste. 210, Ottawa, Ontario. Canada. K1V7P2.

2. Defendant, Protus, transacts any business in Missouri as contemplated by RSMo. §506.500(1) and this cause of action arises out of such transaction(s).

3. Defendant, Protus, has committed one or more tortious acts in Missouri as contemplated by RSMo. §506.500(3) and this cause of action arises out of such act(s) by sending or causing to be sent or having a high degree of involvement in sending large quantities of unlawful facsimile and/or other advertising materials to recipients.

4. Defendant. Protus. is without any property. bank accounts. or other assets in Missouri and is as if insolvent in this state, and as a consequence Plaintiff has no adequate remedy at law.

**JOSEPH NOUR**

5. Defendant, Joseph Nour, is an individual located at 2379 Holly Lane, Ste. 210, Ottawa, Ontario, Canada, K1V7P2.

6. Defendant, Joseph Nour, is upon information and belief, a resident of Canada to be found at 2379 Holly Lane, Ste. 210, Ottawa, Ontario, Canada, K1V7P2 who is the Chief Executive Officer of the Defendant corporation, Protus, and exercised direction and/or control over Defendant, Protus, both generally and specifically with regard to the sending of facsimile advertisements into Missouri.

7. Joseph Nour is one of the individuals with ultimate authority for. and/or who is responsible for the sending of facsimile advertisements by Protus into Missouri.

8. Joseph Nour personally authorized and approved the sending of facsimile advertisements by Protus into Missouri or by failure to act. allowed the sending of facsimile advertisements by Protus into Missouri.

**THOMAS J. MARTIN**

9. Defendant, Thomas J. Martin, is an individual located at 2379 Holly Lane, Ste. 210, Ottawa, Ontario, Canada, K1V7P2.

10. Defendant, Thomas J. Martin, is upon information and belief, a resident of Canada to be found at 2379 Holly Lane, Ste. 210, Ottawa, Ontario, Canada, K1V7P2 who is the Chief Financial Officer of the Defendant corporation, Protus, and exercised direction and/or control over Defendant, Protus, both generally and specifically with regard to the sending of facsimile advertisements into Missouri.

11. Thomas J. Martin, is one of the individuals with ultimate authority for, and/or who is responsible for the sending of facsimile advertisements by Protus into Missouri.

12. Thomas J. Martin, personally authorized and approved the sending of facsimile advertisements by Protus into Missouri, or by failure to act, allowed the sending of facsimile advertisements by Protus into Missouri.

**ALLEGATIONS COMMON TO ALL PLAINTIFFS AND ALL COUNTS**

13. Defendants had a high degree of involvement in the facsimile transmissions to Plaintiffs alleged herein.

14. Defendants had actual notice of illegal use of facsimile transmission capabilities of Protus and failed to take steps to prevent future facsimile transmissions in violation of the TCPA and/or the FCC rules, including those transmissions to Plaintiffs alleged herein.

15. Defendants supplied the fax number lists to Protus customers or were aware that such lists were being provided by third parties.

16. Defendants entered a joint venture with InfoUSA for the purpose of providing fax numbers to Protus customers for use in sending unsolicited faxes.

17. Protus reviewed the content of fax advertisements before they were sent by Protus, and all Defendants were aware of this practice by Protus.

## COUNT ONE

COMES NOW Plaintiff. Affordable Health Care. LLC. and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri limited liability company in good standing.

2. Plaintiff has authorized Denise L. Muessig to proceed with said lawsuit.

3. On May 31, 2006 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **one** transmission by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. On May 31, 2006 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **one** unsolicited transmission by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed one violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent. or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Affordable Health Care, LLC, prays judgment against Defendants in the amount of $1,500 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT TWO**

COMES NOW Plaintiff, Allied Industrial Packaging, Inc., and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri limited liability company in good standing.

2. Plaintiff has authorized Harvey J. Present, GIC, the President to proceed with said lawsuit.

3. Between December 2004 and May 24, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **eight** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between December 2004 and May 24, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **eight** unsolicited transmissions by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed eight violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Allied Industrial Packaging, Inc., prays judgment against Defendants in the amount of $12,000 plus Court costs and for such other and further relief as this Court may deem proper.

## COUNT THREE

COMES NOW Plaintiff, Stuart R. Berkowitz, and for its cause of action against Defendants states as follows:

1. Plaintiff is a resident of the State of Missouri.

2. Between April 23, 2001 and July 5, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **five** transmissions by fax to Plaintiff's telephone facsimile machine.

3. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

4. Between April 23, 2001 and July 5, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **five** unsolicited transmissions by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

5. Defendants and/or one or more of Defendants' agent(s) committed five violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

6. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

8. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

9. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

11. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

12. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Stuart R. Berkowitz, prays judgment against Defendants in the amount of $7,500 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT FOUR**

COMES NOW Plaintiff, Cheryl Coleman, and for her cause of action against Defendants states as follows:

1. Plaintiff is a resident of the State of Missouri.

2. Between October 27, 2003 and April 11, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **thirty** transmissions by fax to Plaintiff's telephone facsimile machine.

3. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

4. Between October 27, 2003 and April 11, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **thirty** unsolicited transmission by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

5. Defendants and/or one or more of Defendants' agent(s) committed thirty violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

6. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

8. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

9. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

11. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

12. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Cheryl Coleman, prays judgment against Defendants in the amount of $45,000 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT FIVE**

COMES NOW Plaintiff, Consolidated Construction Group, Inc., and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri corporation in good standing.

2. Plaintiff has authorized David L. Dunlap Jr., the Executive Vice-President to proceed with said lawsuit.

3. Between November 5, 2003 and August 15, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **two hundred and four** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between November 5, 2003 and August 15, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **two hundred and four** unsolicited transmission by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed two hundred and four violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B)

WHEREFORE Plaintiff, Consolidated Construction Group, Inc., prays judgment against Defendants in the amount of $306,000 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT SIX**

COMES NOW Plaintiff, Continental Textile Corp., and for its cause of action against Defendants states as follows:

1. Plaintiff is a New York corporation in good standing.

2. Plaintiff has authorized Allan Guggenheim, the Vice-President to proceed with said lawsuit.

3. Between February 2004 and July 27, 2004 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **six** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between February 2004 and July 27, 2004 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **six** unsolicited transmission by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed six violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Continental Textile Corp., prays judgment against Defendants in the amount of $9,000 plus Court costs and for such other and further relief as this Court may deem proper.

## COUNT SEVEN

COMES NOW Plaintiff, Courtesy Checks, Inc., and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri corporation in good standing.

2. Plaintiff has authorized Richard Harris, President to proceed with said lawsuit.

3. Between March 8, 2004 and February 15, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **twenty seven** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between March 8, 2004 and February 15, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **twenty seven** unsolicited transmission by fax to Plaintiff's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed twenty seven violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Courtesy Checks, Inc., prays judgment against Defendants in the amount of $40,500 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT EIGHT**

COMES NOW Plaintiff, Jefferson Cowan, and for its cause of action against Defendants states as follows:

1. Plaintiff received faxes in the State of Missouri.

2. Between June 12, 2002 and August 3, 2006 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **seventy two** transmissions by fax to Plaintiff's telephone facsimile machine.

3. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

4. Between June 12, 2002 and August 3, 2006 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **seventy two** unsolicited transmission by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

5. Defendants and/or one or more of Defendants' agent(s) committed **seventy two** violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

6. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

8. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

9. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

11. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

12. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Jefferson Cowan, prays judgment against Defendants in the amount of $108,000 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT NINE**

COMES NOW Plaintiff, Community Vocational Schools of Baltimore, Inc. d/b/a John Casablancas Modeling & Career Center, and for its cause of action against Defendants states as follows:

1. Plaintiff is a Maryland corporation in good standing.

2. Plaintiff has authorized Richard A. Gans to proceed with said lawsuit.

3. Between October 27, 2003 and October 13, 2004 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **thirty five** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between October 27, 2003 and October 13, 2004 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **thirty five** unsolicited transmission by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed thirty five violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Community Vocational Schools of Baltimore, Inc. d/b/a John Casablancas Modeling & Career Center, prays judgment against Defendants in the amount of $52,500 plus Court costs and for such other and further relief as this Court may deem proper.

## COUNT TEN

COMES NOW Plaintiff, Community Vocational Schools of Florida, Inc. d/b/a John Casablancas Modeling & Career Center, and for its cause of action against Defendants states as follows:

1. Plaintiff is a Florida corporation in good standing.

2. Plaintiff has authorized Richard A. Gans to proceed with said lawsuit.

3. Between July 16, 2003 and March 4, 2004 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **three** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between July 16, 2003 and March 4, 2004 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **three** unsolicited transmission by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed three violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under

47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Community Vocational Schools of Florida, Inc. d/b/a John Casablancas Modeling & Career Center, prays judgment against Defendants in the amount of $4,500 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT ELEVEN**

COMES NOW Plaintiff, Community Vocational Schools of Jacksonville, Inc. d/b/a John Casablancas Modeling & Career Center, and for its cause of action against Defendants states as follows:

1. Plaintiff is a Florida corporation in good standing.

2. Plaintiff has authorized Richard A. Gans to proceed with said lawsuit.

3. Between September 3, 2003 and August 8, 2006 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **forty four** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between September 3, 2003 and August 8, 2006 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **forty four** unsolicited transmission by fax to Plaintiff's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed forty four violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Community Vocational Schools of Jacksonville, Inc. d/b/a John Casablancas Modeling & Career Center, prays judgment against Defendants in the amount of $66,000 plus Court costs and for such other and further relief as this Court may deem proper.

## COUNT TWELVE

COMES NOW Plaintiff, Community Vocational Schools of Milwaukee, Inc. d/b/a John Casablancas Modeling & Career Center, and for its cause of action against Defendants states as follows:

1. Plaintiff is a Wisconsin corporation in good standing.

2. Plaintiff has authorized Richard A. Gans to proceed with said lawsuit.

3. Between November 3, 2003 and December 2, 2004 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **forty six** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between November 3, 2003 and December 2, 2004 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **forty six** unsolicited transmission by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed forty six violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Community Vocational Schools of Milwaukee, Inc. d/b/a John Casablancas Modeling & Career Center, prays judgment against Defendants in the amount of $69,000 plus Court costs and for such other and further relief as this Court may deem proper.

## COUNT THIRTEEN

COMES NOW Plaintiff, Community Vocational Schools of Northeast Pennsylvania, Inc. d/b/a John Casablancas Modeling & Career Center, and for its cause of action against Defendants states as follows:

1. Plaintiff is a Pennsylvania corporation in good standing.

2. Plaintiff has authorized Richard A. Gans to proceed with said lawsuit.

3. Between October 29, 2003 and May 24, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **thirty two** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between October 29, 2003 and May 24, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **thirty two** unsolicited transmission by fax to Plaintiff's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed thirty two violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Community Vocational Schools of Northeast Pennsylvania, Inc. d/b/a John Casablancas Modeling & Career Center, prays judgment against Defendants in the amount of $48,000 plus Court costs and for such other and further relief as this Court may deem proper.

## COUNT FOURTEEN

COMES NOW Plaintiff, Community Vocational Schools of Oklahoma, Inc. d/b/a John Casablancas Modeling & Career Center, and for its cause of action against Defendants states as follows:

1. Plaintiff is an Oklahoma corporation in good standing.

2. Plaintiff has authorized Richard A. Gans to proceed with said lawsuit.

3. Between March 31, 2004 and October 4, 2004 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **sixteen** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between March 31, 2004 and October 4, 2004 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **sixteen** unsolicited transmission by fax to Plaintiff's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed eleven violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Community Vocational Schools of Oklahoma, Inc. d/b/a John Casablancas Modeling & Career Center, prays judgment against Defendants in the amount of $24,000 plus Court costs and for such other and further relief as this Court may deem proper.

## COUNT FIFTEEN

COMES NOW Plaintiff, Community Vocational Schools of Oklahoma City, Inc. d/b/a John Casablancas Modeling & Career Center, and for its cause of action against Defendants states as follows:

1. Plaintiff is an Oklahoma corporation in good standing.

2. Plaintiff has authorized Richard A. Gans to proceed with said lawsuit.

3. Between December 1, 2003 and June 28, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **eighteen** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between December 1, 2003 and June 28, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **eighteen** unsolicited transmission by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed eighteen violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Community Vocational Schools of Oklahoma City, Inc. d/b/a John Casablancas Modeling & Career Center, prays judgment against Defendants in the amount of $27,000 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT SIXTEEN**

COMES NOW Plaintiff, Community Vocational Schools of Pittsburgh, Inc. d/b/a John Casablancas Modeling & Career Center, and for its cause of action against Defendants states as follows:

1. Plaintiff is a Pennsylvania corporation in good standing.

2. Plaintiff has authorized Richard A. Gans to proceed with said lawsuit.

3. Between November 17, 2003 and August 24, 2004 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **ten** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between November 17, 2003 and August 24, 2004 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **ten** unsolicited transmission by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed ten violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Community Vocational Schools of Pittsburgh, Inc. d/b/a John Casablancas Modeling & Career Center, prays judgment against Defendants in the amount of $15,000 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT SEVENTEEN**

COMES NOW Plaintiff, Community Vocational Schools of Raleigh, Inc. d/b/a John Casablancas Modeling & Career Center, and for its cause of action against Defendants states as

follows:

1. Plaintiff is a North Carolina corporation in good standing.

2. Plaintiff has authorized Richard A. Gans to proceed with said lawsuit.

3. On November 4, 2003 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **one** transmission by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. On November 4, 2003 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **one** unsolicited transmission by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed one violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Community Vocational Schools of Raleigh, Inc. d/b/a John Casablancas Modeling & Career Center, prays judgment against Defendants in the amount of $1,500 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT EIGHTEEN**

COMES NOW Plaintiff, Community Vocational Schools of San Diego, Inc. d/b/a John Casablancas Modeling & Career Center, and for its cause of action against Defendants states as follows:

1. Plaintiff is a California corporation in good standing.

2. Plaintiff has authorized Richard A. Gans to proceed with said lawsuit.

3. Between June 9, 2004 and June 22, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **twenty two** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between June 9, 2004 and June 22, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **twenty two** unsolicited transmission by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed twenty two violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under

47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Community Vocational Schools of San Diego, Inc. d/b/a John Casablancas Modeling & Career Center, prays judgment against Defendants in the amount of $33,000 plus Court costs and for such other and further relief as this Court may deem proper.

## COUNT NINETEEN

COMES NOW Plaintiff, Community Vocational Schools of Tennessee d/b/a John Casablancas Modeling & Career Center, and for its cause of action against Defendants states as follows:

1. Plaintiff is a Tennessee corporation in good standing.

2. Plaintiff has authorized Richard A. Gans to proceed with said lawsuit.

3. Between October 25, 2004 and October 31, 2004 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **four** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between October 25, 2004 and October 31, 2004 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **four** unsolicited transmission by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed four violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent. or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Community Vocational Schools of Tennessee d/b/a John Casablancas Modeling & Career Center, prays judgment against Defendants in the amount of $6,000 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT TWENTY**

COMES NOW Plaintiff, The Daniel Company of Springfield, and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri corporation in good standing.

2. Plaintiff has authorized Larry Daniel, the President to proceed with said lawsuit.

3. Between September 25, 2003 and April 17, 2004 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **thirty three** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between September 25, 2003 and April 17, 2004 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **thirty three** unsolicited transmission by fax to Plaintiff's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed thirty three violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, The Daniel Company of Springfield, prays judgment against Defendants in the amount of $49,500 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT TWENTY ONE**

COMES NOW Plaintiff, Larry Daniel, and for its cause of action against Defendants states as follows:

1. Plaintiff is a resident of the State of Missouri.

2. Between March 3, 2006 and March 13, 2006 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **three** transmissions by fax to Plaintiff's telephone facsimile machine.

3. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

4. Between March 3, 2006 and March 13, 2006 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **three** unsolicited transmission by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

5. Defendants and/or one or more of Defendants' agent(s) committed three violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

6. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

8. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

9. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

11. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

12. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Larry Daniel, prays judgment against Defendants in the amount of $4,500 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT TWENTY TWO**

COMES NOW Plaintiff, Rosalie Davidson, and for its cause of action against Defendants states as follows:

1. Plaintiff is a resident of the State of Missouri.

2. Between February 11, 2003 and May 2004 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **five** transmissions by fax to Plaintiff's telephone facsimile machine.

3. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

4. Between February 11, 2003 and May 2004 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **five** unsolicited transmission by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

5. Defendants and/or one or more of Defendants' agent(s) committed five violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

6. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

8. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

9. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

11. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

12. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Rosale Davidson, prays judgment against Defendants in the amount of $7,500 plus Court costs and for such other and further relief as this Court may deem proper.

## COUNT TWENTY THREE

COMES NOW Plaintiff, Davis, Keller & Wiggins, LLC, and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri corporation in good standing.

2. Plaintiff has authorized David E. Keller, a Managing Partner to proceed with said lawsuit.

3. Between January 14, 2003 and January 24, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **eighteen** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between January 14, 2003 and January 24, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **eighteen** unsolicited transmission by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed eighteen violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated

thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Davis, Keller & Wiggins, LLC, prays judgment against Defendants in the amount of $27,000 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT TWENTY FOUR**

COMES NOW Plaintiff. Helene Denlow. and for its cause of action against Defendants states as follows:

1. Plaintiff is a resident of the State of Missouri.

2. On March 2, 2006 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **one** transmission by fax to Plaintiff's telephone facsimile machine.

3. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

4. On March 2, 2006 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **one** unsolicited transmission by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

5. Defendants and/or one or more of Defendants' agent(s) committed one violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

6. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

8. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

9. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

11. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

12. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Helene Denlow, prays judgment against Defendants in the amount of $1,500 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT TWENTY FIVE**

COMES NOW Plaintiff, Ehllco, Inc. d/b/a Ehll's Western Auto, and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri corporation in good standing.

2. Plaintiff has authorized Gloria Ehll to proceed with said lawsuit.

3. Between January 31, 2002 and May 12, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **sixty nine** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between January 31, 2002 and May 12, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **sixty nine** unsolicited transmission by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed sixty nine violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent. or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent. or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally. and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff. Ehllco. Inc. d/b/a Ehll's Western Auto. prays judgment against Defendants in the amount of $103,500 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT TWENTY SIX**

COMES NOW Plaintiff, Employer Solutions, Inc., and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri corporation in good standing.

2. Plaintiff has authorized Bruce W. Meyer, the President to proceed with said lawsuit.

3. Between January 10, 2002 and November 2, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **five** transmissions by fax to

Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between January 10, 2002 and November 2, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **five** unsolicited transmission by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed five violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Employer Solutions, Inc., prays judgment against Defendants in the amount of $7,500 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT TWENTY SEVEN**

COMES NOW Plaintiff, Dennis W. Fox, and for its cause of action against Defendants states as follows:

1. Plaintiff is a resident of the State of Missouri.

2. Between July 2005 and October 12, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **two** transmissions by fax to Plaintiff's telephone facsimile machine.

3. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

4. Between July 2005 and October 12, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **two** unsolicited transmissions by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

5. Defendants and/or one or more of Defendants' agent(s) committed two violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

6. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

8. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

9. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

11. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

12. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Dennis W. Fox, prays judgment against Defendants in the amount of $3,000 plus Court costs and for such other and further relief as this Court may deem proper.

## COUNT TWENTY EIGHT

COMES NOW Plaintiff, Franklin County Express, LLC, and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri corporation in good standing.

2. Plaintiff has authorized Sue Bolte, the President to proceed with said lawsuit.

3. Between October 22, 2003 and June 7, 2004 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **ten** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between October 22, 2003 and June 7, 2004 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **ten** unsolicited transmission by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed ten violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Franklin County Express, LLC, prays judgment against Defendants in the amount of $15,000 plus Court costs and for such other and further relief as this Court may deem proper.

## COUNT TWENTY NINE

COMES NOW Plaintiff, Fun Services of Kansas City, Inc., and for its cause of action against Defendants states as follows:

1. Plaintiff is a Kansas corporation in good standing.

2. Plaintiff has authorized Thomas M. Wilson, President to proceed with said lawsuit.

3. Between May 22, 2002 and June 27, 2006 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **fifty** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between May 22, 2002 and June 27, 2006 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **fifty** unsolicited transmissions by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed fifty violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent. or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Fun Services of Kansas City, Inc., prays judgment against Defendants in the amount of $75,000 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT THIRTY**

COMES NOW Plaintiff, Richard A. Gans, and for its cause of action against Defendants states as follows:

1. Plaintiff is a resident of the State of Missouri.

2. Between January 10, 2001 and November 16, 2004 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **twenty nine** transmissions by fax to Plaintiff's telephone facsimile machine.

3. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

4. Between January 10, 2001 and November 16, 2004 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **twenty nine** unsolicited transmissions by fax to Plaintiff's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

5. Defendants and/or one or more of Defendants' agent(s) committed twenty nine violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

6. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

8. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

9. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

11. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

12. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C.

§227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Richard A. Gans, prays judgment against Defendants in the amount of $43,500 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT THIRTY ONE**

COMES NOW Plaintiff, Gateway Financial Advisors, Inc., and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri corporation in good standing.

2. Plaintiff has authorized Shane E. Westhoelter, the President to proceed with said lawsuit.

3. Between December 10, 2002 and July 18, 2003 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **nine** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between December 10, 2002 and July 18, 2003 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **nine** unsolicited transmissions by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed nine violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Gateway Financial Advisors, Inc., prays judgment against Defendants in the amount of $13,500 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT THIRTY TWO**

COMES NOW Plaintiff, Gateway Legal Services, Inc., and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri corporation in good standing.

2. Plaintiff has authorized Michael Ferry, the Executive Director to proceed with said lawsuit.

3. Between May 21, 2003 and August 3, 2006 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **one hundred and four** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between May 21, 2003 and August 3, 2006 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, one hundred and four unsolicited transmissions by fax to Plaintiff's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed **one hundred and four** violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Gateway Legal Services, Inc., prays judgment against Defendants in the amount of $156,000 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT THIRTY THREE**

COMES NOW Plaintiff. David Geiger, and for its cause of action against Defendants states as follows:

1. Plaintiff is a resident of the State of Missouri.

2. Between April 2002 and June 2, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **nine** transmissions by fax to Plaintiff's telephone facsimile machine.

3. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

4. Between April 2002 and June 2, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **nine** unsolicited transmissions by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

5. Defendants and/or one or more of Defendants' agent(s) committed nine violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

6. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

8. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

9. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

11. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

12. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, David Geiger, prays judgment against Defendants in the amount of $13,500 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT THIRTY FOUR**

COMES NOW Plaintiff, Larry Gisi, and for its cause of action against Defendants states as follows:

1. Plaintiff is a resident of the State of Missouri.

2. Between March 31, 2003 and March 5, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **eight** transmissions by fax to Plaintiff's telephone facsimile machine.

3. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

4. Between March 31, 2003 and March 5, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **eight** unsolicited transmissions by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

5. Defendants and/or one or more of Defendants' agent(s) committed eight violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

6. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

8. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

9. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

11. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

12. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Larry Gisi, prays judgment against Defendants in the amount of $12,000 plus Court costs and for such other and further relief as this Court may deem proper.

## COUNT THIRTY FIVE

COMES NOW Plaintiff. Goodland Foods. Inc. d/b/a Coronado Ballroom and Lazy Suzan Imaginative Catering, and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri corporation in good standing.

2. Plaintiff has authorized Steven I. Becker, the President to proceed with said lawsuit.

3. Between May 26, 2002 and January 25, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **seventy one** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between May 26, 2002 and January 25, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **seventy one** unsolicited transmissions by fax to Plaintiff's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed seventy one violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Goodland Foods, Inc. d/b/a Coronado Ballroom and Lazy Suzan Imaginative Catering, prays judgment against Defendants in the amount of $106,500 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT THIRTY SIX**

COMES NOW Plaintiff, Grapevine Wines, Inc., and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri corporation in good standing.

2. Plaintiff has authorized Michael Gray to proceed with said lawsuit.

3. On March 10, 2004 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **one** transmission by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. On March 10, 2004 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **one** unsolicited transmission by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed one violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Grapevine Wines, Inc., prays judgment against Defendants in the amount of $1,500 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT THIRTY SEVEN**

COMES NOW Plaintiff, Marvin Greenberg, and for its cause of action against Defendants states as follows:

1. Plaintiff is a resident of the State of Missouri.

2. Between November 15, 2005 and December 17, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **two** transmissions by fax to Plaintiff's telephone facsimile machine.

3. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

4. Between November 15, 2005 and December 17, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **two** unsolicited transmissions

by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

5. Defendants and/or one or more of Defendants' agent(s) committed two violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

6. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

8. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

9. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

11. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

12. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Marvin Greenberg, prays judgment against Defendants in the amount of $3,000 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT THIRTY EIGHT**

COMES NOW Plaintiff, Sheldon Harber, and for its cause of action against Defendants states as follows:

1. Plaintiff is a resident of the State of Missouri.

2. Between November 30, 2004 and May 24, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **eight** transmissions by fax to Plaintiff's telephone facsimile machine.

3. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

4. Between November 30, 2004 and May 24, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **eight** unsolicited transmissions by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

5. Defendants and/or one or more of Defendants' agent(s) committed eight violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

6. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

8. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

9. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

11. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

12. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Sheldon Harber, prays judgment against Defendants in the amount of $12,000 plus Court costs and for such other and further relief as this Court may deem proper.

## COUNT THIRTY NINE

COMES NOW Plaintiff, David L. Harjoe, and for its cause of action against Defendants states as follows:

1. Plaintiff is a resident of the State of Missouri.

2. Between February 19, 2003 and June 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **twenty four** transmissions by fax to Plaintiff's telephone facsimile machine.

3. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

4. Between February 19, 2003 and June 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **twenty four** unsolicited transmissions by fax to Plaintiff's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

5. Defendants and/or one or more of Defendants' agent(s) committed twenty four violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

6. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

8. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

9. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

11. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

12. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, David L. Harjoe, prays judgment against Defendants in the amount of $36,000 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT FORTY**

COMES NOW Plaintiff, Hoops & Assoc., P.C., and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri corporation in good standing.

2. Plaintiff has authorized Thomas L. Hoops, the President to proceed with said lawsuit.

3. Between December 23, 2003 and July 25, 2006 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **two hundred** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between December 23, 2003 and July 25, 2006 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **two hundred** unsolicited transmissions by fax to Plaintiff's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed two hundred violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Hoops & Assoc., P.C., prays judgment against Defendants in the amount of $300,000 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT FORTY ONE**

COMES NOW Plaintiff, I Dream Solutions, Inc. f/k/a Binder Designs, Inc., and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri corporation in good standing.

2. Plaintiff has authorized Brady Miller, the President to proceed with said lawsuit.

3. Between October 16, 2002 and February 10, 2003 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **two** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between October 16, 2002 and February 10, 2003 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **two** unsolicited transmissions by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed two violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, I Dream Solutions, Inc. f/k/a Binder Designs, Inc., prays judgment against Defendants in the amount of $3,000 plus Court costs and for such other and further relief as this Court may deem proper.

## COUNT FORTY TWO

COMES NOW Plaintiff, Information Management Solutions, Inc., and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri corporation in good standing.

2. Plaintiff has authorized Richard Gavatin, the Vice-President to proceed with said lawsuit.

3. Between December 9, 2002 and August 4, 2004 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **fourteen** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between December 9, 2002 and August 4, 2004 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **fourteen** unsolicited transmissions by fax to Plaintiff's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed fourteen violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under

47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Information Management Solutions, Inc., prays judgment against Defendants in the amount of $21,000 plus Court costs and for such other and further relief as this Court may deem proper.

**FORTY THREE**

COMES NOW Plaintiff Innovative Financial Solutions, LLC, and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri limited liability company in good standing.

2. Plaintiff has authorized Richard C. Renshaw, LUTCF, the Owner to proceed with said lawsuit.

3. Between May 27, 2003 and November 19, 2006 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **one hundred and forty nine** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between May 27, 2003 and November 19, 2006 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **one hundred and forty nine** unsolicited transmissions by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed one hundred and forty nine violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff Innovative Financial Solutions, LLC, prays judgment against Defendants in the amount of $223,500 plus Court costs and for such other and further relief as this Court may deem proper.

## COUNT FORTY FOUR

COMES NOW Plaintiff JC Corporate Management, Inc. f/k/a National Educational Acceptance Corp., and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri corporation in good standing.

2. Plaintiff has authorized Richard A. Gans, the President to proceed with said lawsuit.

3. Between March 14, 2002 and June 21, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **two hundred and thirty one** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between March 14, 2002 and June 21, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **two hundred and thirty one** unsolicited transmissions by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed two hundred and thirty one violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff JC Corporate Management, Inc. f/k/a National Educational Acceptance Corp., prays judgment against Defendants in the amount of $346,500 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT FORTY FIVE**

COMES NOW Plaintiff Jerry A. Klein, P.C., and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri corporation in good standing.

2. Plaintiff has authorized Jerry A. Klein, the President to proceed with said lawsuit.

3. Between March 22, 2004 and February 9, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **fifteen** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between March 22, 2004 and February 9, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **fifteen** unsolicited transmissions by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed fifteen violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff Jerry A. Klein, P.C., prays judgment against Defendants in the amount of $22,500 plus Court costs and for such other and further relief as this Court may deem proper.

## COUNT FORTY SIX

COMES NOW Plaintiff Cesium Property, LLC, and for its cause of action against Defendants states as follows:

1. Plaintiff is a New Jersey limited liability company in good standing.

2. Plaintiff has authorized Cullen Schaffer, to proceed with said lawsuit.

3. Between August 7, 2007 and October 12, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **eight** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between August 7, 2007 and October 12, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **eight** unsolicited transmissions by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed eight violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the

FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff Cesium Property, LLC, prays judgment against Defendants in the amount of $12,000 plus Court costs and for such other and further relief as this Court may deem proper.

## COUNT FORTY SEVEN

COMES NOW Plaintiff The Kelsey Group, Inc., and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri corporation in good standing.

2. Plaintiff has authorized John Keener to proceed with said lawsuit.

3. Between January 9, 2004 and February 24, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **thirty two** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between January 9, 2004 and February 24, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **thirty two** unsolicited

transmissions by fax to Plaintiff's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed thirty two violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff The Kelsey Group, Inc., prays judgment against Defendants in the amount of $48,000 plus Court costs and for such other and further relief as this Court may deem proper.

## COUNT FORTY EIGHT

COMES NOW Plaintiff, Carl F. Kohnen, and for its cause of action against Defendants states as follows:

1. Plaintiff is a resident of the State of Missouri.

2. Between July 29, 2002 and February 9, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **sixty two** transmissions by fax to Plaintiff's telephone facsimile machine.

3. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

4. Between July 29, 2002 and February 9, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **sixty two** unsolicited transmissions by fax to Plaintiff's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

5. Defendants and/or one or more of Defendants' agent(s) committed sixty two violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

6. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

8. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

9. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

11. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

12. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Carl F. Kohnen, prays judgment against Defendants in the amount of $93,000 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT FORTY NINE**

COMES NOW Plaintiff, Christopher Kraemer, and for its cause of action against Defendants states as follows:

1. Plaintiff is a resident of the State of Missouri.

2. Between June 2004 and February 15, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **nine** transmissions by fax to Plaintiff's telephone facsimile machine.

3. The fax transmission(s) contain(s) material advertising the commercial availability

of any property goods or services.

4. Between June 2004 and February 15, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **nine** unsolicited transmissions by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

5. Defendants and/or one or more of Defendants' agent(s) committed nine violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

6. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

8. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

9. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

11. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

12. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Christopher Kraemer, prays judgment against Defendants in the amount of $13,500 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT FIFTY**

COMES NOW Plaintiff, Mark Krug, and for its cause of action against Defendants states as follows:

1. Plaintiff is a resident of the State of Missouri.

2. Between March 18, 2003 and January 30, 2006 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **fifty** transmissions by fax to

Plaintiff's telephone facsimile machine.

3. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

4. Between March 18, 2003 and January 30, 2006 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **fifty** unsolicited transmissions by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

5. Defendants and/or one or more of Defendants' agent(s) committed fifty violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

6. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

8. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

9. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

11. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

12. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Mark Krug, prays judgment against Defendants in the amount of $75,000 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT FIFTY ONE**

COMES NOW Plaintiff, Gary Lange, and for its cause of action against Defendants states as follows:

1. Plaintiff is a resident of the State of Missouri.

2. Between January 19, 2004 and August 7, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **ninety three** transmissions by fax to Plaintiff's telephone facsimile machine.

3. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

4. Between January 19, 2004 and August 7, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **ninety three** unsolicited transmissions by fax to Plaintiff's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

5. Defendants and/or one or more of Defendants' agent(s) committed ninety three violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

6. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

8. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

9. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

11. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

12. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Gary Lange, prays judgment against Defendants in the amount of $139,500 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT FIFTY TWO**

COMES NOW Plaintiff Ira M. Berkowitz. and for its cause of action against Defendants states as follows:

1. Plaintiff is a resident of the State of Missouri.

2. Between September 11, 2003 and May 31, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **three** transmissions by fax to Plaintiff's telephone facsimile machine.

3. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

4. Between September 11, 2003 and May 31, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **three** unsolicited transmissions by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

5. Defendants and/or one or more of Defendants' agent(s) committed three violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

6. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

8. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

9. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

11. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

12. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff Ira M. Berkowitz, prays judgment against Defendants in the amount of $4,500 plus Court costs and for such other and further relief as this Court may deem proper.

## COUNT FIFTY THREE

COMES NOW Plaintiff Louisiana Vocational Schools of New Orleans, Inc. d/b/a John

Casablancas Modeling & Career Center, and for its cause of action against Defendants states as follows:

1. Plaintiff is a Louisiana corporation company in good standing.

2. Plaintiff has authorized Richard A. Gans to proceed with said lawsuit.

3. Between November 26, 2003 and February 26, 2004 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **two** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between November 26, 2003 and February 26, 2004 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **two** unsolicited transmissions by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed two violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff Louisiana Vocational Schools of New Orleans, Inc. d/b/a John Casablancas Modeling & Career Center, prays judgment against Defendants in the amount of $3,000

plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT FIFTY FOUR**

COMES NOW Plaintiff, Marilyn Margulis, and for its cause of action against Defendants states as follows:

1. Plaintiff is a resident of the State of Missouri.

2. Between December 4, 2002 and October 10, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, two hundred and sixty two transmissions by fax to Plaintiff's telephone facsimile machine.

3. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

4. Between December 4, 2002 and October 10, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **two hundred and sixty two** unsolicited transmissions by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

5. Defendants and/or one or more of Defendants' agent(s) committed **two hundred and sixty two** violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

6. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

8. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

9. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

11. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

12. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff. Marilyn Margulis. prays judgment against Defendants in the amount of $393,000 plus Court costs and for such other and further relief as this Court may deem proper.

## COUNT FIFTY FIVE

COMES NOW Plaintiff Marquis Financial Corporation. and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri corporation in good standing.

2. Plaintiff has authorized Carrie E. Easley. the President to proceed with said lawsuit.

3. Between July 31, 2002 and June 28, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **eighteen** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between July 31. 2002 and June 28. 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **eighteen** unsolicited transmissions by fax to Plaintiff's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed eighteen violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent. or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff Marquis Financial Corporation, prays judgment against Defendants in the amount of $27,000 plus Court costs and for such other and further relief as this Court may deem proper.

## COUNT FIFTY SIX

COMES NOW Plaintiff. David R. Meintrup d/b/a Small Business Systems, and for its cause of action against Defendants states as follows:

1. Plaintiff is a resident of the State of Missouri.

2. Between January 28, 2003 and February 24, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **five** transmissions by fax to Plaintiff's telephone facsimile machine.

3. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

4. Between January 28, 2003 and February 24, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **five** unsolicited transmissions by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

5. Defendants and/or one or more of Defendants' agent(s) committed five violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

6. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

8. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

9. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

11. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

12. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, David R. Meintrup d/b/a Small Business Systems, prays judgment against Defendants in the amount of $7,500 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT FIFTY SEVEN**

COMES NOW Plaintiff, John M. Milburn, and for its cause of action against Defendants states as follows:

1. Plaintiff is a resident of the State of Missouri.

2. Between July 25, 2002 and January 12, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **eighteen** transmissions by fax to Plaintiff's telephone facsimile machine.

3. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

4. Between July 25, 2002 and January 12, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **eighteen** unsolicited transmissions by fax to Plaintiff's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

5. Defendants and/or one or more of Defendants' agent(s) committed eighteen violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

6. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

8. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

9. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

11. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

12. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, John M. Milburn, prays judgment against Defendants in the amount of $27,000 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT FIFTY EIGHT**

COMES NOW Plaintiff, Sheryl Miller, and for its cause of action against Defendants states as follows:

1. Plaintiff is a resident of the State of Missouri.

2. On November 5, 2003 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **one** transmission by fax to Plaintiff's telephone facsimile machine.

3. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

4. On November 5, 2003 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **one** unsolicited transmission by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

5. Defendants and/or one or more of Defendants' agent(s) committed one violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

6. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

8. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

9. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

11. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

12. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Sheryl Miller, prays judgment against Defendants in the amount of $1,500 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT FIFTY NINE**

COMES NOW Plaintiff Moore Computing, LLP, and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri limited liability partnership in good standing.

2. Plaintiff has authorized Fred Moore, the President to proceed with said lawsuit.

3. Between September 11, 2002 and March 10, 2006 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **fourteen** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between September 11, 2002 and March 10, 2006 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **fourteen** unsolicited transmissions by fax to Plaintiff's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed fourteen violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff Moore Computing, LLP, prays judgment against Defendants in the amount of $21,000 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT SIXTY**

COMES NOW Plaintiff MSG Jewelers, Inc., and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri corporation in good standing.

2. Plaintiff has authorized Michael S. George, the President to proceed with said lawsuit.

3. Between January 2005 and June 5, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **one hundred and thirty** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between January 2005 and June 5, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **one hundred and thirty** unsolicited transmissions by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed one hundred and thirty violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff MSG Jewelers, Inc., prays judgment against Defendants in the amount of $195,000 plus Court costs and for such other and further relief as this Court may deem proper.

## COUNT SIXTY ONE

COMES NOW Plaintiff, John L. Weigel, and for its cause of action against Defendants states as follows:

1. Plaintiff is a resident of the State of Missouri.

2. Between September 17, 2003 and October 11, 2004 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **ninety five** transmission by fax to Plaintiff's telephone facsimile machine.

3. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

4. Between September 17, 2003 and October 11, 2004 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **ninety five** unsolicited transmission by fax to Plaintiff's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

5. Defendants and/or one or more of Defendants' agent(s) committed ninety five violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

6. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

8. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

9. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

11. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

12. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, John L. Weigel, prays judgment against Defendants in the amount of $142,500 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT SIXTY TWO**

COMES NOW Plaintiff, Michael R. Nack, and for its cause of action against Defendants states as follows:

1. Plaintiff is a resident of the State of Missouri.

2. Between February 1, 2005 and May 25, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **sixty two** transmissions by fax to Plaintiff's telephone facsimile machine.

3. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

4. Between February 1, 2005 and May 25, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **sixty two** unsolicited transmissions by fax to Plaintiff's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

5. Defendants and/or one or more of Defendants' agent(s) committed sixty two violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated

thereunder by the FCC) which provides for $500 damages.

6. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

8. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

9. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

11. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

12. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Michael R. Nack, prays judgment against Defendants in the amount of $93,000 plus Court costs and for such other and further relief as this Court may deem proper.

## COUNT SIXTY THREE

COMES NOW Plaintiff National Vocational Schools of Atlanta, Inc. d/b/a John Casablancas Modeling & Career Center, and for its cause of action against Defendants states as follows:

1 Plaintiff is a Georgia corporation in good standing.

2. Plaintiff has authorized Richard A. Gans, the President to proceed with said lawsuit.

3. Between October 20, 2003 and October 13, 2004 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **seventeen** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between October 20, 2003 and October 13, 2004 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **seventeen** unsolicited transmissions by fax to Plaintiff's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed seventeen violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff National Vocational Schools of Atlanta, Inc. d/b/a John Casablancas Modeling & Career Center, prays judgment against Defendants in the amount of $25,500 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT SIXTY FOUR**

COMES NOW Plaintiff National Vocational Schools of Nashville, Inc. d/b/a John Casablancas Modeling & Career Center, and for its cause of action against Defendants states as follows:

1. Plaintiff is a Tennessee corporation in good standing.

2. Plaintiff has authorized Richard A. Gans, the President to proceed with said lawsuit.

3. Between October 24, 2003 and June 6, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **twenty five** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between October 24, 2003 and June 6, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **twenty five** unsolicited transmissions by fax to Plaintiff's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed twenty five violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff National Vocational Schools of Nashville, Inc. d/b/a John Casablancas Modeling & Career Center, prays judgment against Defendants in the amount of $37,500 plus Court costs and for such other and further relief as this Court may deem proper.

## COUNT SIXTY FIVE

COMES NOW Plaintiff National Vocational Schools of Providence, Inc. d/b/a John Casablancas Modeling & Career Center, and for its cause of action against Defendants states as follows:

1. Plaintiff is a Rhode Island corporation in good standing.

2. Plaintiff has authorized Richard A. Gans, the President to proceed with said lawsuit.

3. Between February 9, 2004 and August 16, 2004 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **thirteen** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between February 9, 2004 and August 16, 2004 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **thirteen** unsolicited transmissions by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed thirteen violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff National Vocational Schools of Providence, Inc. d/b/a John Casablancas Modeling & Career Center, prays judgment against Defendants in the amount of $19,500 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT SIXTY SIX**

COMES NOW Plaintiff Mondi L. Ghasedi, and for its cause of action against Defendants states as follows:

1. Plaintiff is a resident of Missouri.

2. On October 1, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **one** transmissions by fax to Plaintiff's telephone facsimile machine.

3. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

4. On October 1, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **one** unsolicited transmissions by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

5. Defendants and/or one or more of Defendants' agent(s) committed one violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

6. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

8. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

9. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

11. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

12. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff Mondi L. Ghasedi, prays judgment against Defendants in the amount of $1,500 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT SIXTY SEVEN**

COMES NOW Plaintiff NPPS, Inc., and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri corporation in good standing.

2. Plaintiff has authorized Michael J. Brenner, the President to proceed with said lawsuit.

3. Between November 13, 2002 and January 30, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **ninety six** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between November 13, 2002 and January 30, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **ninety six** unsolicited transmissions by fax to Plaintiff's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed ninety six violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under

47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff NPPS, Inc., prays judgment against Defendants in the amount of $144,000 plus Court costs and for such other and further relief as this Court may deem proper.

## COUNT SIXTY EIGHT

COMES NOW Plaintiff Onsite Computer Consulting Services, Inc., and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri corporation in good standing.

2. Plaintiff has authorized Florence A. Dickherber to proceed with said lawsuit.

3. Between May 28, 2003 and May 1, 2006 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **one hundred sixty seven** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between May 28, 2003 and May 1, 2006 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **one hundred sixty seven** unsolicited transmissions by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed one hundred sixty seven violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent. or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff Onsite Computer Consulting Services, Inc., prays judgment against Defendants in the amount of $250,500 plus Court costs and for such other and further relief as this Court may deem proper.

## COUNT SIXTY NINE

COMES NOW Plaintiff Ophthalmology Associates, Inc., and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri corporation in good standing.

2. Plaintiff has authorized Gregg J. Berdy, MD, the President to proceed with said lawsuit.

3. Between January 12, 2005 and June 21, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **twenty four** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between January 12, 2005 and June 21, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **twenty four** unsolicited transmissions by fax to Plaintiff's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed twenty four violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff Ophthalmology Associates, Inc., prays judgment against Defendants in the amount of $36,000 plus Court costs and for such other and further relief as this Court may deem proper.

## COUNT SEVENTY

COMES NOW Plaintiff, Phillip I. Morse, LLC, and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri limited liability company in good standing.

2. Plaintiff has authorized Phillip I. Morse, the Registered Agent, to proceed with said lawsuit.

3. Between May 8, 2003 and August 23, 2006 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **two** transmission by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between May 8, 2003 and August 23, 2006 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **two** unsolicited transmission by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed two violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Phillip I. Morse, LLC, prays judgment against Defendants in the amount of $3,000 plus Court costs and for such other and further relief as this Court may deem proper.

## COUNT SEVENTY ONE

COMES NOW Plaintiff Piskulic and Birmingham, LLC, and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri limited liability company in good standing.

2. Plaintiff has authorized Carolyn Birmingham to proceed with said lawsuit.

3. Between April 20, 2005 and June 15, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **twenty six** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between April 20, 2005 and June 15, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **twenty six** unsolicited transmissions by fax to Plaintiff's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed twenty six violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff Piskulic and Birmingham, LLC, prays judgment against Defendants in the amount of $39,000 plus Court costs and for such other and further relief as this Court may deem proper.

## COUNT SEVENTY TWO

COMES NOW Plaintiff Pre-Employment Screening, Inc. n/k/a Absolute Background, and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri corporation in good standing.

2. Plaintiff has authorized Allen R. Shoults, the President to proceed with said lawsuit.

3. Between June 4, 2002 and March 18, 2003 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **three** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between June 4, 2002 and March 18, 2003 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **three** unsolicited transmissions by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed three violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff Pre-Employment Screening, Inc. n/k/a Absolute Background, prays judgment against Defendants in the amount of $4,500 plus Court costs and for such other and further relief as this Court may deem proper.

## COUNT SEVENTY THREE

COMES NOW Plaintiff, David A. Protte, and for its cause of action against Defendants states as follows:

1. Plaintiff is a resident of the State of Missouri.

2. Between August 20, 2004 and August 29, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **nine** transmissions by fax to Plaintiff's telephone facsimile machine.

3. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

4. Between August 20, 2004 and August 29, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **nine** unsolicited transmissions

by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

5. Defendants and/or one or more of Defendants' agent(s) committed nine violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

6. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

8. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

9. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

11. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

12. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, David A. Protte, prays judgment against Defendants in the amount of $13,500 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT SEVENTY FOUR**

COMES NOW Plaintiff Psychological Associates, Inc., and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri corporation in good standing.

2. Plaintiff has authorized Jeff Lefton to proceed with said lawsuit.

3. Between August 21, 2002 and April 14, 2003 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **two** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between August 21, 2002 and April 14, 2003 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **two** unsolicited transmissions by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed two violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff Psychological Associates, Inc., prays judgment against Defendants in the amount of $3,000 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT SEVENTY FIVE**

COMES NOW Plaintiff R.F. Schraut Heating & Cooling, L.L.C., and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri limited liability company in good standing.

2. Plaintiff has authorized Lois Schraut to proceed with said lawsuit.

3. Between June 2, 2003 and February 21, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **ninety nine** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between June 2, 2003 and February 21, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **ninety nine** unsolicited transmissions by fax to Plaintiff's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed ninety nine violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff R.F. Schraut Heating & Cooling, L.L.C., prays judgment against Defendants in the amount of $148,500 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT SEVENTY SIX**

COMES NOW Plaintiff RSL Consulting, Inc., and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri corporation in good standing.

2. Plaintiff has authorized Bruce S. Waxman, the President to proceed with said lawsuit.

3. Between April 25, 2002 and July 13, 2004 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **six** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between April 25, 2002 and July 13, 2004 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **six** unsolicited transmissions by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed six violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff RSL Consulting, Inc., prays judgment against Defendants in the amount of $9,000 plus Court costs and for such other and further relief as this Court may deem proper.

## COUNT SEVENTY SEVEN

COMES NOW Plaintiff Sanchez and Associates, Inc., and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri corporation in good standing.

2. Plaintiff has authorized Deborah Sanchez, the President to proceed with said lawsuit.

3. Between September 28, 2005 and September 11, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **twenty eight** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between September 28, 2005 and September 11, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **twenty eight** unsolicited transmissions by fax to Plaintiff's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed twenty eight violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff Sanchez and Associates, Inc., prays judgment against Defendants in the amount of $42,000 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT SEVENTY EIGHT**

COMES NOW Plaintiff Schumacher Financial Services, Inc., and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri corporation in good standing.

2. Plaintiff has authorized Steven C. Arndt, the President to proceed with said lawsuit.

3. Between May 23, 2002 and March 28, 2006 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **fifty two** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between May 23, 2002 and March 28, 2006 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **fifty two** unsolicited transmissions by fax to Plaintiff's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed fifty two violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff Schumacher Financial Services. Inc.. prays judgment against Defendants in the amount of $78,000 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT SEVENTY NINE**

COMES NOW Plaintiff, Theodore F. Schwartz, and for its cause of action against Defendants states as follows:

1. Plaintiff is a resident of the State of Missouri.

2. Between January 14, 2004 and October 12, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **one hundred and nine** transmissions by fax to Plaintiff's telephone facsimile machine.

3. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

4. Between January 14, 2004 and October 12, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **one hundred and nine** unsolicited transmissions by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

5. Defendants and/or one or more of Defendants' agent(s) committed one hundred and nine violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

6. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

8. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

9. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

11. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

12. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Theodore F. Schwartz, prays judgment against Defendants in the amount of $163,500 plus Court costs and for such other and further relief as this Court may deem proper.

## COUNT EIGHTY

COMES NOW Plaintiff Service Vocational Schools, Inc. d/b/a John Casablancas Modeling & Career Center, and for its cause of action against Defendants states as follows:

1. Plaintiff is a North Carolina corporation in good standing.

2. Plaintiff has authorized Richard A. Gans to proceed with said lawsuit.

3. Between September 3, 2003 and May 17, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **forty two** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between September 3, 2003 and May 17, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **forty two** unsolicited transmissions by fax to Plaintiff's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed forty two violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of

involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff Service Vocational Schools, Inc. d/b/a John Casablancas Modeling & Career Center, prays judgment against Defendants in the amount of $63,000 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT EIGHTY ONE**

COMES NOW Plaintiff, Jerry Shell, and for its cause of action against Defendants states as follows:

1. Plaintiff is a resident of the State of Georgia.

2. Between July 8, 2003 and August 4, 2003 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **four** transmissions by fax to Plaintiff's telephone facsimile machine.

3. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

4. Between July 8, 2003 and August 4, 2003 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **four** unsolicited transmissions by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

5. Defendants and/or one or more of Defendants' agent(s) committed four violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

6. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

8. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

9. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

11. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

12. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Jerry Shell, prays judgment against Defendants in the amount of $6,000 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT EIGHTY TWO**

COMES NOW Plaintiff, Edward G. Smith, and for its cause of action against Defendants states as follows:

1. Plaintiff is a resident of the State of Florida.

2. Between March 11, 2003 and August 22, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **fifty four** transmissions by fax to Plaintiff's telephone facsimile machine.

3. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

4. Between March 11, 2003 and August 22, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **fifty four** unsolicited transmissions by fax to Plaintiff's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

5. Defendants and/or one or more of Defendants' agent(s) committed fifty four violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

6. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

8. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

9. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

11. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

12. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Edward G. Smith, prays judgment against Defendants in the amount of $81,000 plus Court costs and for such other and further relief as this Court may deem proper.

## COUNT EIGHTY THREE

COMES NOW Plaintiff Stephenson Electric Co., and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri corporation in good standing.

2. Plaintiff has authorized Santo G. Albright, Sr., the President to proceed with said lawsuit.

3. Between July 31,2002 and February 2, 2006 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **thirty six** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between July 31,2002 and February 2, 2006 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **thirty six** unsolicited transmissions by fax to Plaintiff's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed thirty six violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated

thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff Stephenson Electric Co., prays judgment against Defendants in the amount of $54,000 plus Court costs and for such other and further relief as this Court may deem proper.

## COUNT EIGHTY FOUR

COMES NOW Plaintiff St. Louis Network, LLC, and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri limited liability company in good standing.

2. Plaintiff has authorized Pamela S. Schneider, Owner to proceed with said lawsuit.

3. Between September 7, 2004 and June 28, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **seventy seven** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between September 7, 2004 and June 28, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **seventy seven** unsolicited transmissions by fax to Plaintiff's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and

47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed seventy seven violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff St. Louis Network, LLC, prays judgment against Defendants in the amount of $115,500 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT EIGHTY FIVE**

COMES NOW Plaintiff St. Louis Promotional Products, LLC, and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri limited liability company in good standing.

2. Plaintiff has authorized John Closser, the President to proceed with said lawsuit.

3. Between July 20, 2004 and June 29, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **forty six** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between July 20, 2004 and June 29, 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **forty six** unsolicited transmissions by fax to Plaintiff's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed forty six violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff St. Louis Promotional Products, LLC, prays judgment against Defendants in the amount of $69,000 plus Court costs and for such other and further relief as this Court may deem proper.

## COUNT EIGHTY SIX

COMES NOW Plaintiff Stonewolf Community Association d/b/a Stonewolf Golf Club, and for its cause of action against Defendants states as follows:

1. Plaintiff is an Illinois corporation in good standing.

2. Plaintiff has authorized Greg Wolfner, the President to proceed with said lawsuit.

3. Between March 9, 2004 and March 18, 2004 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **four** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between March 9, 2004 and March 18, 2004 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **four** unsolicited transmissions by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed four violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff Stonewolf Community Association d/b/a Stonewolf Golf Club, prays judgment against Defendants in the amount of $6,000 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT EIGHTY SEVEN**

COMES NOW Plaintiff Staffing Resources, LLC, and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri corporation in good standing.

2. Plaintiff has authorized Michael J. Brenner, the President to proceed with said lawsuit.

3. Between December 18, 2006 and January 24, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **two** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between December 18, 2006 and January 24, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **two** unsolicited transmissions by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed two violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff Staffing Resources, LLC, prays judgment against Defendants in the amount of $3,000 plus Court costs and for such other and further relief as this Court may deem proper.

## COUNT EIGHTY EIGHT

COMES NOW Plaintiff Titan Tube Fabricators, Inc., and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri corporation in good standing.

2. Plaintiff has authorized Charles D. Mill, the Chief Executive Officer to proceed with said lawsuit.

3. Between November 30, 2004 and August 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **thirty two** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between November 30, 2004 and August 2005 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **thirty two** unsolicited transmissions by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed thirty two violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff Titan Tube Fabricators, Inc., prays judgment against Defendants in the amount of $48,000 plus Court costs and for such other and further relief as this Court may deem proper.

## COUNT EIGHTY NINE

COMES NOW Plaintiff Travel Travel Kirkwood, Inc., and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri corporation in good standing.

2. Plaintiff has authorized John Heimburger, Jr. to proceed with said lawsuit.

3. Between May 24, 2002 and August 3, 2006 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **two hundred and six** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between May 24, 2002 and August 3, 2006 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **two hundred and six** unsolicited transmissions by fax to Plaintiff's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed two hundred and six violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff Travel Travel Kirkwood, Inc., prays judgment against Defendants in the amount of $309,000 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT NINETY**

COMES NOW Plaintiff West County Endodontics, Ltd., and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri corporation in good standing.

2. Plaintiff has authorized Rodrick E. Pearline, D.D.S. to proceed with said lawsuit.

3. Between January 10, 2002 and July 11, 2002 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **six** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between January 10, 2002 and July 11, 2002 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **six** unsolicited transmissions by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed six violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff West County Endodontics, Ltd., prays judgment against Defendants in the amount of $9,000 plus Court costs and for such other and further relief as this Court may deem proper.

## COUNT NINETY ONE

COMES NOW Plaintiff, Craig A. West d/b/a The West Agency, and for its cause of action against Defendants states as follows:

1. Plaintiff is a resident of the State of Illinois.

2. On January 6, 2004 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **one** transmission by fax to Plaintiff's telephone facsimile machine.

3. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

4. On January 6, 2004 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **one** unsolicited transmission by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

5. Defendants and/or one or more of Defendants' agent(s) committed one violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

6. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

8. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

9. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

11. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

12. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Craig A. West d/b/a The West Agency, prays judgment against Defendants in the amount of $1,500 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT NINETY TWO**

COMES NOW Plaintiff, Neal R. Zeid, and for its cause of action against Defendants states as follows:

1. Plaintiff is a resident of the State of Missouri

2. Between March 13, 2006 and April 11, 2006 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **two** transmissions by fax to Plaintiff's telephone facsimile machine.

3. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

4. Between March 13, 2006 and April 11, 2006 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **two** unsolicited transmissions by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

5. Defendants and/or one or more of Defendants' agent(s) committed two violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

6. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

8. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

9. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

11. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

12. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff, Neal R. Zeid, prays judgment against Defendants in the amount of $3,000 plus Court costs and for such other and further relief as this Court may deem proper.

## COUNT NINETY THREE

COMES NOW Plaintiff Thomas Cook Printing, Co., and for its cause of action against Defendants states as follows:

1. Plaintiff is a North Carolina corporation in good standing.

2. Plaintiff has authorized Thomas Cook to proceed with said lawsuit.

3. Between November 11, 2003 and December 12, 2006 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **fifty five** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between November 11, 2003 and December 12, 2006 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **fifty five** unsolicited transmissions by fax to Plaintiff's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed fifty five violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff Thomas Cook Printing, Co., prays judgment against Defendants in the amount of $82,500 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT NINETY FOUR**

COMES NOW Plaintiff Radha Geismann, MD., P.C., and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri corporation in good standing.

2. Plaintiff has authorized Radha Geismann, the Presiden to proceed with said lawsuit.

3. Between August 10, 2006 and July 16, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **two** transmissions by fax to Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between August 10, 2006 and July 16, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **two** unsolicited transmissions by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed two violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff Radha Geismann, MD., P.C., prays judgment against Defendants in the amount of $3,000 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT NINETY FIVE**

COMES NOW Plaintiff Stevenson's Hi-Pointe Standard Service, Inc., and for its cause of action against Defendants states as follows:

1. Plaintiff is a Missouri corporation in good standing.

2. Plaintiff has authorized Darryl Rodenberg, the President to proceed with said lawsuit.

3. Between October 5, 2006 and August 20, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **four** transmissions by fax to

Plaintiff's telephone facsimile machine.

4. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

5. Between November 11, 2003 and December 12, 2006 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **four** unsolicited transmissions by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

6. Defendants and/or one or more of Defendants' agent(s) committed four violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

8. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

9. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

11. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

12. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

13. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff Stevenson's Hi-Pointe Standard Service, Inc., prays judgment against Defendants in the amount of $6,000 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT NINETY SIX**

COMES NOW Plaintiff Dr. Alan Proia, and for its cause of action against Defendants states as follows:

1. Plaintiff is a resident of North Carolina.

2. On March 8, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **one** transmissions by fax to Plaintiff's telephone facsimile machine.

3. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

4. On March 8, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **one** unsolicited transmissions by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

5. Defendants and/or one or more of Defendants' agent(s) committed one violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

6. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

8. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

9. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

11. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

12. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff Dr. Alan Proia, prays judgment against Defendants in the amount of $1,500 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT NINETY SEVEN**

COMES NOW Plaintiff Dora Nelson, and for its cause of action against Defendants states as follows:

1. Plaintiff is a resident of Missouri.

2. On October 18, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **one** transmissions by fax to Plaintiff's telephone facsimile machine.

3. The fax transmission(s) contain(s) material advertising the commercial availability of any property goods or services.

4. On October 18, 2007 Defendants and/or one or more of Defendants' agent(s) sent, caused to be sent, or allowed to be sent, **one** unsolicited transmissions by fax to Plaintiff 's fax telephone number in violation of 47 U.S.C. §227(b)(1)(c) and 47 C.F.R. §64.1200(a)(3).

5. Defendants and/or one or more of Defendants' agent(s) committed one violation(s) of the Telecommunications Act of 1934 as amended by The Telephone Consumer Protection Act of 1991(TCPA) 47 U.S.C. §227 and following and the regulations promulgated thereunder by the FCC) which provides for $500 damages.

6. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent the facsimiles.

7. Defendants and/or one or more of Defendants' agent(s) knew it was sending, causing to be sent, or allowed to be sent advertising materials via facsimile.

8. Defendants and/or one or more of Defendants' agent(s) had actual or constrictive knowledge that it was sending unsolicited advertisements in violation of the TCPA

9. Defendants and/or one or more of Defendants' agent(s) had a high degree of involvement in sending unsolicited advertisements in violation of the TCPA

10. Defendants and/or one or more of Defendants' agent(s) voluntarily engaged in sending, causing to be sent, or allowed to be sent the facsimiles.

11. Defendants and/or one or more of Defendants' agent(s) contacted Plaintiff's fax number intentionally, and not by accident.

12. Defendants and/or one or more of Defendants' agent(s) willfully or knowingly (as defined in the 1934 Telecommunication Act) violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available damages under 47 U.S.C. §227 (b)(3)(B).

WHEREFORE Plaintiff Dora Nelson, prays judgment against Defendants in the amount of $1,500 plus Court costs and for such other and further relief as this Court may deem proper.

**COUNT NINETY EIGHT**
**Injunctive Relief**

1. Counts 1- 97 are restated as if set forth herein.

2. As provided by 47 U.S.C. §227(b)(3)(A) Defendants or its agent(s) should be permanently enjoined from sending any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to each Plaintiffs facsimile machine without that person's prior express invitation or permission.

WHEREFORE, Plaintiffs, pray judgment against Defendants in the amount of $5,661,000 (3,774 x $1,500), that Defendants be enjoined from sending unsolicited faxes as provided for under the TCPA, plus Court costs and for such other and further relief as this Court deem proper. Plaintiffs waive the excess of any award over the jurisdiction of this Court.

Max G. Margulis, #24325
**MARGULIS LAW GROUP**
14236 Cedar Springs Dr.
Chesterfield, MO 63017
P: (314) 434-8502
F: (314) 434-8451
E-Mail: MaxMargulis@aol.com
*Attorney for Plaintiffs*

D:_ALL dcouments_Wordperfect\Telephone_AA CASES-12.27.06\Protus - NEW\Suit Protus CLASS 1.21.08.wpd