UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| AFFORDABLE HEALTHCARE, LLC, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:08CV502 RWS |
| PROTUS IP SOLUTIONS, INC., et al., | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiffs are ninety-seven unrelated entities or individuals who have brought this action. They allege that they have received unsolicited facsimiles from Defendants in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. They seek damages allowed by that statute. Defendant Protus IP Solutions, Inc. has moved to dismiss twenty-five Plaintiffs from this action who are not residents of the State of Missouri. Protus asserts that this Court lacks jurisdiction over those claims. Because Protus is not subject to general jurisdiction in this Court I will grant Protus's motion to dismiss.

*Factual Background*

Plaintiffs in this matter are unrelated parties who assert that Protus sent them unsolicited facsimiles in violation of federal law. While seventy-two Plaintiffs are Missouri residents and allege that Protus directed faxes to them in Missouri, twenty-five Plaintiffs do not live in Missouri and did not receive faxes from Protus in this state.

Protus asserts that the claims of these twenty-five out-of-state Plaintiffs should be

dismissed as improperly joined in this lawsuit.[1]  Protus asserts that it is not subject to general jurisdiction in Missouri and, as a consequence, the claims of these Plaintiffs based on general jurisdiction should be dismissed.  Protus also asserts that specific jurisdiction is lacking because there is no connection between these out-of-state Plaintiffs' claims and the State of Missouri.

Plaintiffs respond that Protus is subject to general jurisdiction in this matter and that these twenty-five Plaintiffs are proper parties to the suit.

The parties have fully briefed this motion and presented oral argument on their positions.

***Legal Standard***

In ruling on a motion to dismiss, a court must accept as true all the factual allegations in a complaint and view them in the light most favorable to the plaintiff.  Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).  However, when personal jurisdiction is challenged, the plaintiff has the burden to show that jurisdiction exists.  Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1072-73 (8th Cir. 2004).  To survive a motion to dismiss, the plaintiff must make a *prima facie* showing that personal jurisdiction exists.  Id. at 1072-73.  In deciding whether the plaintiff has met this burden, a court may rely on pleadings in addition to any "affidavits and exhibits presented with the motions and in opposition thereto."  Id. at 1072.

In determining whether a federal district court has personal jurisdiction over a non-resident defendant, the court engages in a two part inquiry.  First, the court must decide whether the applicable state long-arm statute confers jurisdiction.  Stanton v. St. Jude Med., Inc., 340 F.3d 690, 693 (8th Cir. 2003).  If so, the court then determines whether the exercise of personal jurisdictional complies with constitutional due process requirements.  Id.

---

[1] See Exhibit A for the identification of these twenty-five Plaintiffs.

*Discussion*

General Jurisdiction

Federal courts may assume jurisdiction over nonresident defendants only to the extent permitted by the law of the forum state, and by the Due Process Clause. Dever, 380 F.3d at 1073; Fed. R. Civ. P. 4(e). The limits of general jurisdiction over a nonresident defendant under Missouri law and under the Due Process Clause are the same. Missouri courts have found general jurisdiction over a nonresident defendant appropriate in some cases:

> The Missouri Supreme Court has long held that a 'foreign corporation present and conducting substantial business in Missouri' is subject to the jurisdiction of Missouri courts. State ex rel. K-Mart Corp. v. Holliger, 986 S.W.2d 165, 167 (Mo. 1999) (en banc) (citing cases holding the same from 1907 forward). Missouri courts have interpreted the phrase 'present and conducting substantial business' to mean that jurisdiction will be established if a non-resident corporation has 'substantial' and 'continuous' contacts with the State of Missouri. Sloan-Roberts v. Morse Chevrolet, Inc., 44 S.W.3d 402, 409 (Mo.Ct.App. 2001) (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 318, 66 S.Ct. 154, 90 L.Ed. 95 (1945)); see also Shouse v. RFB Constr. Co., Inc., 10 S.W.3d 189, 193 (Mo.Ct.App. 1999).

Lakin v. Prudential Securities, Inc., 348 F.3d 704, 707 (8th Cir. 2003)

Under Missouri law, general jurisdiction over a nonresident defendant may be established only by showing substantial and continuous contacts of the defendant with Missouri. Likewise, the Due Process Clause requires "substantial and continuous" contacts with the forum for the exercise of general jurisdiction. Perkins v. Benguet Consol. Min. Co., 342 U.S. 437, 438, 445 (1952); see also Helicopteros Nacionales de Colombia, S.A. v. Hall 466 U.S. 408, 414, 418-19 (1984) (affirming the Perkins standard while holding that the facts of the case did not support general jurisdiction).

Protus is a Canadian domestic corporation with its principal place of business in Ottawa,

-3-

Ontario, Canada. Protus has submitted affidavits which assert that it is not domiciled in Missouri nor does it have a registered agent here. It has not maintained a corporate presence in the state nor does it have a street or mailing address, telephone listing, or bank accounts in Missouri. It does not have any employees in the state nor does it own any real or personal property, or any other assert, in Missouri. Protus does not place advertisements with Missouri media outlets or engage in any other significant promotions targeting Missouri businesses or residents.

As to its contacts with Missouri, Protus has been involved in an unspecified fashion, with the transmission of facsimiles to certain Missouri business and entities as alleged by the Missouri Plaintiffs in this lawsuit.

In opposing dismissal, the out-of-state Plaintiffs assert that they are invoking general jurisdiction in this matter not specific jurisdiction. Plaintiffs base their claim of general jurisdiction upon the existence of Protus's website on the internet and on the fact that Protus has customers in Missouri.

However, Plaintiffs' complaint clearly asserts only specific jurisdiction over these claims because it alleges that the claims "arise out of" Protus's transactions in Missouri. While this assertion suffices to impose jurisdiction over Protus for the claims of Missouri Plaintiffs in the lawsuit it fails to establish general jurisdiction for the claims of the out-of-state Plaintiffs.

Moreover, this Court may only exercise general jurisdiction over Protus if evidence establishes that Protus's contacts with Missouri are substantial and continuous. Protus asserts that it had only 196 fax broadcasting customers from Missouri in the past eleven years which is less than one percent of the total number of Protus customers. I find these contacts to be *de minimis* and do not support the substantial and continuous contacts required to impose general

jurisdiction over Protus in Missouri.

Nor does Protus's public website establish general jurisdiction in Missouri. See <u>GTE New Media Services Inc. v. BellSouth Corp.</u>, 199 F.3d 1343, 1350 (D.C. Cir. 2000)(existence of a defendant's internet website standing alone does not create general jurisdiction in a state). If a website is interactive a court should consider not only the ability of state residents to interact with the website but also the quantity of contacts between the residents and the defendant's website. See <u>Lakin</u>, 348 F.3d at 712. In addition, a court must consider, regardless of the number of contacts, whether the assertion of general jurisdiction would satisfy the due process inquiry. That is, whether asserting jurisdiction would be reasonable and not offend the notions of fair play and substantial justice. <u>Id.</u> at 713.

In <u>Larkin</u>, Missouri residents were able to obtain home loans from defendant's website. The court's decision to remand the case to allow additional discovery regarding potential general jurisdiction over the defendant turned on the facts of the case. The analysis was driven by the desire to grant insolvent insurance companies a forum to litigate their claims and by the fact that the twenty-two accounts at issue had the same underlying evidence.[2] <u>Id.</u>

In the present case, the out-of-state Plaintiffs are not without a venue. They are free to seek relief in the courts of their own states. In addition, there is no claim in this matter that the same underlying evidence supports the claims of the ninety-seven Plaintiffs as was the case in <u>Larkin</u>. Plaintiffs received different faxes at different times in different locations. In addition,

---

[2] The contacts with Missouri in <u>Larkin</u> were substantial. Defendant, a federally-chartered savings bank, had ten million dollars in outstanding loans to homeowners in Missouri, presumably entailing liens on hundreds or thousands of pieces of property in the state, and maintained a website allowing loan applications to be filed by Missouri residents.

due process considerations tip the scale against finding general jurisdiction in the present matter over the out-of-state Plaintiffs claims. "The central question is whether a defendant has purposefully availed itself of the privilege of conducting activities in the forum state and should, therefore, reasonably anticipate being haled into court there." Pecoraro v. Sky Ranch for Boys, Inc., 340 F.3d 558, 562 (8th Cir. 2003). Aside from allegedly sending faxes to seventy-two Missouri residents and having some Missouri customers there is no evidence that Protus would reasonably anticipate being haled into court in Missouri to defend claims regarding its activities outside the State of Missouri. As a result, it would offend the notions of fair play and substantial justice to allow the out-of-state Plaintiffs to pursue their claims in Missouri courts.

Accordingly.

**IT IS HEREBY ORDERED that** Defendant Protus's motion to dismiss the claims of the twenty-five out-of-state Plaintiffs listed in Exhibit A of this order [#23] is **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 19th day of March, 2009.