UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| AFFORDABLE HEALTHCARE, LLC, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:08CV502 RWS |
| PROTUS IP SOLUTIONS, INC., et al., | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiffs in this matter allege that they have received unsolicited facsimiles from Defendants in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* Named as defendants are the corporation Protus IP Solutions, Inc. and two individuals, Joseph Nour and Thomas Martin. Nour and Martin have filed a motion to dismiss the claims against them based of a lack of personal jurisdiction over them. Because Nour and Martin have not had any personal contacts within the state of Missouri I will grant their motion to dismiss.

*Factual Background*

Plaintiffs in this matter are unrelated parties who assert that Protus sent them unsolicited facsimiles in violation of federal law. Protus is a Canadian domestic corporation with its principal place of business in Ottawa, Ontario, Canada. Nour is a resident of Canada and is the chief executive officer of Protus. Martin is a resident of Canada and is the chief financial officer of Protus. The complaint asserts that Nour and Martin are directly liable for Protus 's alleged violation of the TCPA because they "personally authorized and approved the sending of facsimile advertisements by Protus into Missouri, or by failing to act, allowed the sending of

facsimile advertisements by Protus to Missouri."

Plaintiffs assert that the basis for jurisdiction over Nour and Martin is that they were corporate officers of Protus who were ultimately responsible for, and personally authorized and approved the sending of facsimiles into Missouri.

Nour and Martin have filed a motion to dismiss the claims against them because Missouri courts lack personal jurisdiction over them. They have submitted affidavits which assert that they have had no personal connections with the State of Missouri. In addition, the affidavits assert that they had no specific personal knowledge that faxes at issue were being transmitted to Missouri nor did they have knowledge of the contents of the faxes nor did they approve the sending of the faxes.

On November 20, 2008, I held an evidentiary hearing to consider the merits of Defendants Nour and Martin's motion to dismiss. At that hearing I granted Plaintiffs' request to conduct targeted jurisdictional discovery in order to investigate Nour and Martin's contact with Missouri.

*Legal Standard*

In ruling on a motion to dismiss, a court must accept as true all the factual allegations in a complaint and view them in the light most favorable to the plaintiff. Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993). However, when personal jurisdiction is challenged, the plaintiff has the burden to show that jurisdiction exists. Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1072-73 (8th Cir. 2004). To survive a motion to dismiss, the plaintiff must make a *prima facie* showing that personal jurisdiction exists. Id. at 1072-73. In deciding whether the plaintiff has met this burden, a court may rely on pleadings in addition to any "affidavits and exhibits

presented with the motions and in opposition thereto." Id. at 1072 (citing Block Indus. v. DHJ Indus., Inc., 495 F.2d 256, 260 (8th Cir. 1974)). A prima facie showing means that plaintiffs has produced admissible evidence which, if believed, would be sufficient to establish the existence of personal jurisdiction. See WNS, Inc. v. Farrow, 884 F.2d 200, 203-04 (5th Cir. 1989).

Federal courts may assume jurisdiction over nonresident defendants only to the extent permitted by the law of the forum state, and by the Due Process Clause. Dever, 380 F.3d at 1073; Fed. R. Civ. P. 4(e). In determining whether a federal district court has personal jurisdiction over a non-resident defendant, the court engages in a two part inquiry. First, the court must decide whether the applicable state long-arm statute confers jurisdiction. Stanton v. St. Jude Med., Inc., 340 F.3d 690, 693 (8th Cir. 2003). If so, the court then determines whether the exercise of personal jurisdictional complies with constitutional due process requirements. Id.

***Discussion***

Specific Jurisdiction[1]

The parties do not dispute that Protus is subject to specific jurisdiction in this Court arising from its alleged unlawful facsimile transmissions into Missouri. Nour and Martin's affidavits establish that they have not personal contacts with the State of Missouri that would subject them to *in personam* jurisdiction within this state.

Plaintiffs do not dispute the asserted fact that Nour and Martin have not had personal contacts in Missouri. Instead, they advance the position that Nour and Martin are subject to

---

[1] Plaintiffs do not assert that Nour and Martin are subject to general jurisdiction in this lawsuit. I find that these defendants, like Protus, are not subject to general jurisdiction for the same reasons I stated in my previous ruling regarding Protus's motion to dismiss the claims of out-of-state Plaintiffs.

personal jurisdiction in this matter because they had "ultimate authority" over Protus' action of sending facsimile advertisements into Missouri. They allege that these defendants "exercised direction and/or control over Defendant, Protus, both generally and specifically with regard to the sending of" the facsimiles into Missouri. Plaintiffs also allege that Nour and Martin "personally authorized and approved the sending of facsimile advertisements by Protus into Missouri, or by failure to act," allowed the transmissions.

Nour and Martin have presented evidence, through their affidavits, that they were not directly involved in sending the faxes at issue and had no knowledge that these faxes were being transmitted, nor did they specifically authorize or approve the sending of these faxes.

"In Missouri, merely holding a corporate office does not subject one to personal liability for the misdeeds of the corporation." Grothe v. Helterbrand, 946 S.W.2d 301, 304 (Mo. Ct. App. 1997). "To hold an officer of a corporation liable, he must be shown to have had actual or constructive knowledge of the actionable wrong and participated therein." Osterberger v. Hites Const. Co., 599 S.W.2d 221, 229 (Mo. Ct. App. 1980). See also Constance v. B.B.C. Development Co., 25 S.W.3d 571 (Mo. Ct. App. 2000). Neither Osterberger or Constance, however, addressed the issue of personal jurisdiction over out-of-state corporate officers. They both concerned Missouri corporations.

For personal jurisdiction purposes, a court must find the forum state's long-arm statute and due process requirements both allow a defendant to be fairly hailed into the forum state's courts.

> The mere fact that a corporation is subject to local jurisdiction does not necessarily mean its nonresident officers, directors, agents, and employees are suable locally as well. See Calder v. Jones, 465 U.S. 783, 790 (1984). For

> jurisdictional purposes, the acts of corporate officers and directors in their official capacities are the acts of the corporation exclusively and are thus not material for purposes of establishing minimum contacts as to the individuals. Implicit in this principle is the consideration that corporations are separate legal entities that cannot act on their own but must do so through their appointed representatives. Accordingly, acts performed by these individuals, in their official capacities, cannot reasonably be attributed to them as individual acts creating personal jurisdiction.

Colt Studio, Inc. v. Badpuppy Enterprise, 75 F. Supp.2d 1104, 1111 (C.D. Cal. 1999)(internal citations omitted).

United States District Judge John Walter was presented with the exact issue presented here. That is, whether Nour and Martin, sued along with Protus in a similar lawsuit in California, were subject to personal jurisdiction in California court. Judge Walter, citing the Colt Studio analysis, concluded that personal jurisdiction was lacking based on the allegations of Plaintiffs' complaint. See J2 Global Comm., Inc v. Protus IP Solutions, Inc. et al., Case No. 06-566-JFW (C.D. Cal. April 25, 2006)(attached to Defendant's memo in support as Exhibit 3).

In the present matter Nour and Martin have submitted affidavits which specifically refute Plaintiffs' unsupported allegations concerning their knowledge, control, and participation in sending unsolicited faxes into Missouri.

Plaintiffs requested leave to conduct some limited discovery concerning facts that might establish personal jurisdiction over Nour and Martin. On November 24, 2008, I granted Plaintiffs' request to propound interrogatories and requests for admissions. On January 12, 2009, Defendants filed a motion for a protective order asserting that Plaintiff's discovery requests were not targeted to Nour and Martin's knowledge and control over the faxes sent into Missouri which is the relevant issue concerning personal jurisdiction over these Defendants. I agree.

Plaintiffs' discovery requests do not address Nour and Martin's involvement in the faxes at issue in this matter. Under Missouri law, "[t]o hold an officer of a corporation liable, he must be shown to have had actual or constructive knowledge of the actionable wrong and participated therein." Osterberger v. Hites Const. Co., 599 S.W.2d 221. Plaintiffs' discovery requests are not specifically tailored to seek information concerning Nour and Martin's actual or constructive knowledge of the faxes sent into Missouri (the actionable wrong) and their participation in that alleged action.

As a result, I will grant Defendant's motion for a protective order regarding this discovery.

*Minimum contacts*

The Due Process Clause of the Fourteenth Amendment requires that a non-resident defendant have certain minimum contacts with the forum state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980). The defendant's contacts must be more than "random," "fortuitous," or "attenuated." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (citations omitted). "The central question is whether a defendant has purposefully availed itself of the privilege of conducting activities in the forum state and should, therefore, reasonably anticipate being haled into court there." Pecoraro v. Sky Ranch for Boys, Inc., 340 F.3d 558, 562 (8th Cir. 2003).

Plaintiffs have not presented any evidence which would establish that Nour and Martin had minimum contacts with Missouri which would allow personal jurisdiction in accord with due process requirements. Nor does Plaintiffs' complaint allege Protus is a sham corporation and

that Nour and Martin are really the alter egos of the corporation exposing them to personal jurisdiction based on Protus's actions. As a result, I find that Plaintiffs have failed to establish a prima facie claim of personal jurisdiction over Nour and Martin and their motion to dismiss shall be granted.

Accordingly.

**IT IS HEREBY ORDERED that** Defendants Joseph Nour and Thomas Martin's motion for a protective order [#45] is **GRANTED**.

**IT IS FURTHER ORDERED that** Defendants Joseph Nour and Thomas Martin's motion dismiss for lack of personal jurisdiction [#19] is **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 20th day of March, 2009.