UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AFFORDABLE HEALTHCARE, LLC, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 4:08CV502 RWS |
| PROTUS IP SOLUTIONS, INC., et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiffs brought this lawsuit against Defendant Protus IP Solutions, Inc. for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* Protus is a Canadian corporation located in the province of Ontario. Two Canadian statutes regulate the production of information and documents from companies located in Ontario. Protus has filed a motion for a protective order directing Plaintiffs to comply with the Canadian statutes in the discovery process. Because these statutes do not block the discovery process but merely require compliance with Canadian law I will grant Protus's motion for a protective order.

As a corporation formed and located in Canada Protus must comply with the Ontario Business Records Protection Act, R.S.O. 1990 c. B.19, s 102 ("OBRPA"). That statute prohibits the removal of any business "record, statement, report or material in any way relating to any business carried on in Ontario" from the province of Ontario, if the documents in question are maintained solely in Ontario. R.S.O. 1990 c. B. 19, s. 1. This prohibition may also bar a business from providing a list of the protected documents or divulging information that is derived exclusively from those documents. There is no dispute that the limitations imposed by OBRPA

pertain to Protus's records that will be at issue in the present case.

In addition, the Canadian Personal Information Protection and Electronic Documents Act ("PIPEDA"), prohibits a business from disclosing personal information such as name, age, and credit history to third parties. 2000, ch. 5 s. 1-59 S.C. 2000 (Can.). Protus must also comply with this statute.

Protus's discovery obligations under the Federal Rules of Civil Procedure and its conflicting obligations to comply with the requirements of OBRPA and PIPEDA led Protus to seek a protective order from this Court. If Protus produces documents and information in violation of OBRPA and PIPEDA it may be subject to sanctions in Canada for a violation of those statutes.

Protus has represented in its motion that a simple solution is available to relieve this potential conflict. In order to facilitate the discovery needed from Protus, Plaintiffs should follow the procedures set forth in OBRPA and PIPEDA for obtaining information from Protus. The procedure requires "Plaintiffs to apply for a letter of request from this Court and use the letter of request to make a motion to the Ontario Superior Court of Justice requesting authorization for the production of documents. Once the Ontario Superior Court issues an order granting the motion, Protus may proceed with production." (Def.'s memo in support at 2)

The United States Supreme Court has stated that "American courts, in supervising pretrial proceedings, should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position. ...

[W]e have long recognized the demands of comity[1] in suits involving foreign states, either as parties or as sovereigns with a coordinate interest in the litigation. American courts should therefore take care to demonstrate due respect for any special problem confronted by the foreign litigant on account of its nationality or the location of its operations, and for any sovereign interest expressed by a foreign state." Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for Southern Dist. of Iowa, 482 U.S. 522, 546 (1987)(internal citation omitted).

In making a comity analysis regarding a discovery request to foreign litigants a court should be guided by the Restatement of Foreign Relations Law of the United States (Revised) § 437(1) (Restatement) and consider these factors:

(1) the importance to the litigation of the documents or other information requested;

(2) the degree of specificity of the request;

(3) whether the information originated in the United States;

(4) the availability of alternative means of securing the information; and

(5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located.

Id. at 544 n.28.

Because Protus has moved at the initial stage of this litigation for a protective order, there are no specific discovery requests for which the order is sought apart from Rule 26 initial disclosure requirements. However, it would be common discovery practice for Plaintiffs to seek

---

[1] "Comity refers to the spirit of cooperation in which a domestic tribunal approaches the resolution of cases touching the laws and interests of other sovereign states." Id at 544 n.27.

documents, interrogatories, and requests for admissions from Protus which may evoke the requirements under OBRPA and PIPEDA. Certainly some of those documents will be important to this litigation, will not have originated in the United States, and will not be subject to alternative means of securing the information. At the present stage of this litigation it is uncertain whether the extent of noncompliance with discovery requests would undermine important interests of the United States, or whether compliance would undermine important Canadian interests.

The solution that Protus recommends (requiring Plaintiffs to apply for a letter of request from this Court and use the letter of request to make a motion to the Ontario Superior Court of Justice requesting authorization for the production of documents) appears to be a minimally burdensome procedure which can be easily performed by Plaintiffs' able counsel. According to Protus's representation, leave to proceed with discovery from a Canadian court is likely to be freely granted if Plaintiffs follow the minimal requirements set forth in the respective statutes.

In opposing Protus's motion, Plaintiffs assert that such a protective order has already been rejected in Missouri state court and that Protus is collaterally estopped from seeking such a protective order in this Court. I have reviewed the order from the state court that Plaintiffs have submitted in support of their claim of collateral estoppel. (Pls.'s Ex. A) The order does not state the discovery issues before the court and does not provide any legal analysis for the basis of the two paragraph handwritten decision. It merely concludes, "under the pleadings" in that case (which are not revealed or discussed), that OBRPA and PIPEDA should not bar normal discovery. Such a minimal conclusory order does not provide any foundation for me to determine whether collateral estoppel is an appropriate bar to relitigating this issue in the present

case.

Moreover, I find that the minimal steps Plaintiffs must take to satisfy the Canadian statutes effecting discovery from a Canadian corporation properly acknowledges the comity and respect due to the Canadian legal system with which Protus must comply.

Accordingly.

**IT IS HEREBY ORDERED that** Defendant's motion for a protective order [#30] is **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 9th day of April, 2009.